# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0073
════════════

IN RE JOHN DOE A/K/A "TROOPER", RELATOR

══════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
══════════════════════════════════════════════════

**Argued November 7, 2013**

CHIEF JUSTICE HECHT delivered the opinion of the Court, in which JUSTICE GREEN, JUSTICE WILLETT, JUSTICE GUZMAN, and JUSTICE BROWN joined.

JUSTICE LEHRMANN filed a dissenting opinion, in which JUSTICE JOHNSON, JUSTICE BOYD, and JUSTICE DEVINE joined.

Rule 202 of the Texas Rules of Civil Procedure allows "a proper court" to authorize a deposition to investigate a potential claim before suit is filed.[1] In this original mandamus proceeding, relator argues that a proper court must have personal jurisdiction over the potential defendant, or if not, the rule violates due process guaranteed by the Fourteenth Amendment. We agree with the first

---

[1] TEX. R. CIV. P. 202.1 ("A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit."); TEX. R. CIV. P. 202.2(b) ("The petition must . . . be filed in a proper court of any county: (1) where venue of the anticipated suit may lie, if suit is anticipated; or (2) where the witness resides, if no suit is yet anticipated . . . ."). All references to rules are to the Texas Rules of Civil Procedure unless otherwise noted.

argument and do not reach the second. Accordingly, we conditionally grant mandamus relief and direct the trial court to vacate its order authorizing discovery.[2]

Calling himself "the Trooper", an anonymous blogger[3] launched an on-line attack on The Reynolds & Reynolds Co. ("Reynolds") and its chairman and CEO, Robert T. Brockman. Reynolds is a privately held company, headquartered in Ohio with offices in Texas and elsewhere, that develops and markets software for use by auto dealerships. Brockman is a resident of Houston, Texas. Under the heading, "Reynolds News and Information", the Trooper's posts discuss inside goings-on at Reynolds, indicating that he is an employee, though his counsel has since denied it. The posts are disapproving of Reynolds' business operations top to bottom, referring to its products as "crap". The posts are also critical of Brockman's character and business management, calling him an "idiot", a "lunatic", and a "crook", and comparing him to Bernie Madoff, Satan, and Bobo the Clown.

To discover the Trooper's identity, Brockman and Reynolds (whom we refer to collectively as Reynolds) filed a Rule 202 petition in the district court in Harris County, seeking to depose Google, Inc., which hosts the blog. The petition requests that Google disclose the name, address, and telephone number of the owner of the blog website and the email address shown on the site. The petition states that Reynolds "anticipate[s] the institution of a suit" against the Trooper. Reynolds

---

[2] The only issue before us is the availability of pre-suit discovery under Rule 202. We express no opinion on whether or to what extent discovery would be allowed in a lawsuit.

[3] According to the *Oxford English Dictionary*, a blog—short for weblog—is "[a] frequently updated site consisting of personal observations, excerpts from other sources, etc., typically run by a single person, and usually with hyperlinks to other sites; an online journal or diary." *Blog*, THE OXFORD ENGLISH DICTIONARY, available at http://www.oxforddictionaries.com/us/definition/american_english/blog (last visited August 25, 2014) ("blog" was added in 2003). A *blogger* is someone who blogs.

says it will sue for libel and business disparagement, and, if the Trooper is a Reynolds employee, for breach of fiduciary duty. With the court's permission, Reynolds gave the Trooper the notice of the petition required by Rule 202 by sending it to the blog email address.

Google does not oppose Reynolds' petition,[4] but the Trooper does, appearing through counsel as John Doe, without revealing his identity. The Trooper filed a special appearance, asserting that his only contact with Texas is that his blog can be read on the Internet here. He argues that because he does not have minimal contacts with Texas sufficient for a court in this State to exercise personal jurisdiction over him, there is no "proper court" under Rule 202 to order a deposition to investigate a suit in which he may be a defendant. The Trooper also moved to quash the discovery on the ground that he has a First Amendment right to speak anonymously.

The trial court ordered that Google be deposed as requested to "prevent a failure or delay of justice in an anticipated suit."[5] After unsuccessfully seeking mandamus relief in the court of appeals,[6] the Trooper filed his petition in this Court, and we agreed to hear argument.[7]

This Court promulgated Rule 202 as part of its 1999 revision of the Texas Rules of Civil Procedure governing discovery. Rule 202 covers the subjects of two repealed rules, Rule 187, permitting discovery to perpetuate testimony, and Rule 737, providing for a bill of discovery. The

---

[4] "Federal law generally prohibits a 'cable operator' like Google from disclosing a subscriber's personally identifiable information without its consent" unless "disclosure is ordered by a court with notice to the subscriber." *In re John Does 1 and 2*, 337 S.W.3d 862, 864 (Tex. 2011) (citation omitted).

[5] TEX. R. CIV. P. 202.4(a)(1).

[6] *In re Doe*, No. 01-11-00683-CV, 2012 Tex. App. LEXIS 4155, 2012 WL 1893733 (Tex. App.—Houston [1st Dist] May 18, 2012) (mem. op.).

[7] 56 TEX. SUP. CT. J. 864 (Aug. 23, 2013).

practice of taking discovery to perpetuate testimony in imminent danger of being lost, such as by the

death or departure of the witness, for use in a later-filed suit is long-standing throughout the United

States.[8] In Texas, the practice dates to an 1848 statute, from which Rule 187 was derived.[9] A bill of

discovery was an English common-law device for obtaining discovery from an opposing party in a

---

[8] *See* Lonny Sheinkopf Hoffman, *Access to Information, Access to Justice: the Role of Presuit Investigatory Discovery*, 40 U. MICH. J. L. REFORM 217, 225 (2007) ("Nearly all jurisdictions, by rule, statute, or common law, allow prospective parties to petition the court for discovery before filing a formal lawsuit. In most instances, however, the right to use discovery devices before litigation is narrowly tailored. Presuit discovery typically may only be taken to preserve witness testimony when there is a credible risk that the testimony may be lost if it is not recorded immediately.").

[9] The original statute read as follows:

> [W]hen any person may anticipate the institution of a suit . . . and may desire to perpetuate the testimony of a witness . . . to be used in such suit, he . . . may file a written statement in the Court of the county where such suit could be instituted representing the facts and the names of the persons known to be interested adversely to said person, a copy of which statement and writ shall be served on the persons interested adversely, after which depositions may be taken . . . and may be used in any suit . . . in like manner as if such depositions had been taken after the institution of such suit . . . .

Act approved March 16, 1848, 2d Leg., R.S., ch. 95, § 18, 1848 Tex. Gen. Laws 106, 111, *reprinted in* 3 H.P.N. Gammel, *The Laws of Texas* 1822-1897, at 111 (Austin, Gammel Book Co. 1898). The statute was amended in 1874 to refer to a filing in the district court. Act approved April 14, 1874, 14th Leg., R.S., ch. 82, § 1, 1874 Tex. Gen. Laws 103, *reprinted in* 8 H.P.N. Gammel, *The Laws of Texas* 1822-1897, at 105. The 1879 codification substituted "proper court". TEX. REV. CIV. STAT. ANN. art. 2222 (1879). That phrase carried through subsequent codifications. TEX. REV. CIV. STAT. ANN. art. 2277 (1895); TEX. REV. CIV. STAT. ANN. art. 3653 (1911); TEX. REV. CIV. STAT. ANN. art. 3742 (1925). It remained when the statute was revised slightly in 1927, Act of Feb. 19, 1927, 40th Leg., ch. 53, § 1, 1927 Tex. Gen. Laws 76, and when the statute was copied into the 1941 Rules of Civil Procedure, TEX. R. CIV. P. 187, 136 Tex. 431, 499 (Sept. 1, 1941). The rule was rewritten in 1962, TEX. R. CIV. P. 187, 1962 TEX. B.J. 371, 424, 426 (May 22, 1962, eff. Sept. 1, 1962), to be more like Rule 27 of the Federal Rules of Civil Procedure. *See General Commentary*, TEX. R. CIV. P. ANN. 187 (Vernon 1967) (noting that the 1962 revision was modeled after the federal rule). The revised rule provided in part:

> When any person may anticipate the institution of an action in which he may be a party, and may desire to perpetuate his own testimony or that of any other person to be used in such suit, he, his agent or attorney, may file a verified petition in the proper court of any county where venue of the anticipated action may lie.

The rule was revised slightly in 1971, TEX. R. CIV. P. 187, 455-456 S.W.2d (Texas Cases) xxxii, xliv-xlvi (July 21, 1970, eff. Jan. 1, 1971), and 1973, TEX. R. CIV. P. 187, 483-484 S.W.2d (Texas Cases) xxix, xlii-xliii (eff. Feb. 1, 1973), and was then replaced by Rule 202.

4

pending suit.[10] It was imported to Texas by a 1923 statute that was codified in 1925 and then copied into Rule 737.[11] If the bill of discovery served a purpose in 1923,[12] the 1941 Rules of Civil Procedure might have rendered the practice obsolete. But relief by a bill of discovery was to be granted "in accordance with the usages of courts of equity",[13] a broad charter, and consequently, as we observed

---

[10] *See* James P. Alexander, *A Bill of Discovery*, 2 TEX. L. REV. 483, 485 (1924) ("Bills of discovery had their origin in the fact that under the inflexible rules of the common law, the parties to an action were incompetent as witnesses, and no means were provided by which an adverse party could be compelled to produce documents in his possession for the use of his opponent at the trial. Later, the bill was used to secure from the adverse party evidence necessary for the proper prosecution or defense of a cause of action."); W. S. Simkins, *Bills of Discovery*, 2 Tex. L. Rev. 98, 98-99 (1924) ("By the adoption of the common law in Texas in 1840 parties to the record having an interest in the controversy were incompetent to testify in the case. This necessitated filing Bills of Discovery in chancery in which courts the chancellor could require of the parties to the suit a full confession of the facts, which could be used as evidence in the cause at law.").

[11] The 1923 statute provided: "All trial courts in this state having jurisdiction of the subject matter of litigation, shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies." Act of Feb. 1, 1923, 38th Leg., ch. 19, § 1, 1923 Tex. Gen. Laws 31. The 1925 codification omitted "in this state having jurisdiction of the subject matter of litigation". TEX. REV. CIV. STAT. ANN. Art. 2002 (1925). Rule 737 made the same omission and added a third sentence: "In actions of such nature, the plaintiff shall have the right to have the defendant examined on oral interrogatories, either by summoning him to appear for examination before the trial court as in ordinary trials, or by taking his oral deposition in accordance with the general rules relating thereto." TEX. R. CIV. P. 187, 136 Tex. 431, 657 (Sept. 1, 1941). *See Crane v. Tunks*, 328 S.W.2d 434, 439-440 (Tex. 1959) (describing the history and effect of Rule 737); *Hastings Oil Co. v. Texas Co.*, 234 S.W.2d 389, 394 (Tex. 1950) (same).

[12] Judge Alexander, later Chief Justice of this Court, explained:

Under the statutes of this state, until recently, such a bill was unnecessary. By means of a deposition, or by examination on the witness stand, one party could compel his adversary to purge his conscience, and disclose all facts necessary to be proved as a basis for a decree. However, our supreme court, in the case of *Sauermann v. El Paso Railway,* [235 S.W. 548 (Tex. 1921),] held that where either party to a suit was a corporation, neither party could take the deposition of the opposite party. Under this holding, it became impossible, in a case where a corporation was a party to a suit, for either party to secure from his adversary, in advance of the trial, any fact necessary to maintain his cause of action, or to establish his defense. The legislature, in an effort to relieve the situation, instead of amending the statutes with reference to taking depositions, gave birth to the old English bill of discovery.

Alexander, *supra* note 10, at 484-485 (1924). *See also* Simkins, *supra* note 10, at 98-99.

[13] *See supra* note 11.

in a 1950 opinion, "every expression on the subject has served to broaden its scope."[14] By 1999, Rule 737 had come to be used to investigate a lawsuit before filing it.[15] Rule 202 incorporated both that facet of pre-suit discovery as well as the perpetuation of testimony.[16]

The requirement that a request for pre-suit discovery be filed in a "proper court" has been part of the perpetuation-of-testimony procedure since 1879,[17] but no court has had occasion to interpret it. The pre-1962 version of Rule 187 and its statutory predecessors added that the court must be one "where such suit [that is, the suit in which the testimony would be used] could be instituted".[18] The phrase certainly referred to venue, as the 1962 revisions to Rule 187 made explicit.[19] And implicitly, at least, the phrase referred to subject-matter jurisdiction. It would make no sense to insist that a court ordering discovery to perpetuate testimony for a later-filed suit be one with venue over the suit but not subject-matter jurisdiction.

The "proper court" phrase was not used in Rule 737 or its statutory predecessors. The 1923 statute required a bill of discovery to be brought in a trial court "having jurisdiction of the subject

---

[14] *Hastings*, 234 S.W.2d at 394. We noted that the bill of discovery had been used "to compel a judgment creditor to disclose facts with reference to an alleged fraudulent sale of assets," and concluded that "the inquiry [whether bill of discovery relief was proper] resolves itself into this: Is the order granted by the trial court in accordance with the usages of courts of equity?" *Id.* (internal quotation marks omitted).

[15] *See, e.g., Ross Stores, Inc. v. Redken Lab., Inc.*, 810 S.W.2d 741, 741-742 (Tex. 1991) (per curiam).

[16] Professor Lonny Hoffman has recounted in detail the considerations that led to Rule 202. Hoffman, *supra* note 8, at 241-246.

[17] *See supra* note 9.

[18] *See supra* note 9.

[19] *See supra* note 9.

matter of litigation".[20] Though this phrase was omitted from the 1925 codification and from Rule 737, the omission must either have been inadvertent or made because the phrase was considered unnecessary.[21] Certainly, a court cannot grant relief when it lacks jurisdiction of the subject matter.[22]

Rule 202 now requires all requests for pre-suit discovery to be filed in a "proper court":

The petition must . . .

(b)      be filed in a proper court of any county:

(1)      where venue of the anticipated suit may lie, if suit is anticipated; or

(2)      where the witness resides, if no suit is yet anticipated . . . .[23]

As under former Rule 187, a proper court must be one with venue over an anticipated action, though if none is anticipated, the court must be in the county where the witness resides. While Rule 202 is silent on the subject, we think it implicit, as it has always been, that the court must have subject-matter jurisdiction over the anticipated action. The rule cannot be used, for example, to investigate a potential federal antitrust suit or patent suit, which can be brought only in federal court. We must determine whether a proper court must also have personal jurisdiction over the potential defendant. For two reasons, we think it must.

---

[20] *See supra* note 11.

[21] See *supra* note 11. In *Blocker v. Commercial Nat. Bank of Uvalde*, 295 S.W. 341, 342 (Tex. Civ. App.—San Antonio 1927, no writ), the court considered only venue, and not personal or subject matter jurisdiction, though the court apparently refused to consider, by analogy or otherwise, the phrase requiring the trial court to have "jurisdiction of the subject matter of litigation" because the phrase had since been deleted from the statute.

[22] *E.g.*, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-554 (Tex. 2000) ("[S]ubject-matter jurisdiction is essential to a court's power to decide a case.").

[23] TEX. R. CIV. P. 202.2(b).

*First*: To allow discovery of a potential claim against a defendant over which the court would not have personal jurisdiction denies him the protection Texas procedure would otherwise afford. Under Rule 120a, a defendant who files a special appearance in a suit is entitled to have the issue of personal jurisdiction heard and decided before any other matter.[24] Discovery is limited to matters directly relevant to the issue.[25] To allow witnesses in a potential suit to be deposed more extensively than would be permitted if the suit were actually filed would circumvent the protections of Rule 120a. When a potential defendant could challenge personal jurisdiction, the potential claimant could simply conduct discovery under Rule 202 before filing suit.

Not only would the use of Rule 202 eviscerate the protections of Rule 120a, the burden on the defendant could be significant. Suppose a plaintiff sues an Alaska resident in Texas, the case is dismissed for want of personal jurisdiction, and undaunted, the plaintiff undertakes discovery in Texas under Rule 202 for what may eventually be a suit in Alaska. It is no answer that the Rule 202 court must weigh the burden or expense on the defendant in deciding whether to allow the discovery[26] and must afford appropriate protection.[27] The Rule 202 court would still be permitted—

---

[24] TEX. R. CIV. P. 120a.2 ("Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard.").

[25] *See In re Stern*, 321 S.W.3d 828, 838-840 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) ("In *Dawson-Austin v. Austin*, [968 S.W.2d 319, 321, 323 (Tex. 1998),] the Texas Supreme Court indicated, without deciding, that discovery sought during the pendency of a special appearance but not directed to the discovery of jurisdictional facts may not be properly had before the special appearance is decided. . . . We conclude that Rule 120a(3) by its plain language authorizes discovery by a party prior to a ruling on a special appearance only with respect to facts 'essential to justify his opposition' to the special appearance.").

[26] TEX. R. CIV. P. 202.4(a)(2).

[27] TEX. R. CIV. P. 202.4(b).

8

and might even be required, if the discovery sought was considered critical—to deny what Rule 120a promises.

Nor is it any answer to say that a potential defendant can choose to ignore the Rule 202 discovery sought from a third party. In doing so, he runs the risk that it will be used against him in a suit later filed in a court that does have jurisdiction. Rule 120a deems this risk unacceptable. A potential defendant should not be forced to choose between defending discovery in a forum where a claim cannot be prosecuted and risking that it will be used later in a forum where he is subject to suit.

The Trooper cannot ignore this Rule 202 proceeding without losing his claimed First Amendment right to anonymity. By ordering discovery from Google, the court has adjudicated that claim. He has thus been forced to litigate the merits of an important issue before a court that has not been shown to have personal jurisdiction over him.

The Trooper insists that this violates not only Rule 202 but due process as well. It is true that the liberty interest protected by the Fourteenth Amendment "constrains a State's authority to bind a nonresident defendant to a *judgment* of its courts" and does not prohibit all state court proceedings.[28] But Rule 202 has already been used to adjudicate the Trooper's First Amendment issue, which may lead to an adjudication of Reynolds' claims against him. Whether due process affords protection in these circumstances is an issue that has not previously arisen because, as we explain below, no other American jurisdiction allows pre-suit discovery as broadly as Texas does.

---

[28] *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added).

The prescient words of *Hanson v. Denckla*, written more than half a century ago, require a close look at the Trooper's argument:

> As technological progress has increased the flow of commerce between States, the need for jurisdiction over nonresidents has undergone a similar increase. At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. In response to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of *Pennoyer v. Neff*, 95 U.S. 714, to the flexible standard of *International Shoe Co. v. State of Washington*, 326 U.S. 310. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. *See Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. *However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him. See International Shoe Co. v. State of Washington*, 326 U.S. 310, 319.[29]

Earlier this year, in *Walden v. Fiore*, the Supreme Court repeated the emphasized sentence, adding: "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State."[30] Nevertheless, because we think that a Rule 202 court must have personal jurisdiction over a potential defendant, we need not reach the constitutional issue and intimate no view on it.

*Second*: To allow a Rule 202 court to order discovery without personal jurisdiction over a potential defendant unreasonably expands the rule. Even requiring personal jurisdiction over the

---

[29] 357 U.S. 235, 250-251 (1958) (emphasis added).

[30] 134 S. Ct. at 1123 (citation omitted) (internal quotation marks omitted).

potential defendant, Rule 202 is already the broadest pre-suit discovery authority in the country.[31]

If a Rule 202 court need not have personal jurisdiction over a potential defendant, the rule could be used by anyone in the world to investigate anyone else in the world against whom suit could be brought within the court's subject-matter jurisdiction. The reach of the court's power to compel testimony would be limited only by its grasp over witnesses. This was never contemplated in the procedures leading to Rule 202, from 1848 to 1999, nor was it the intent of Rule 202.

A trial court's discretion under the rule cannot be the solution. While a court certainly has discretion to limit Rule 202 discovery, it must exercise that discretion with reference to guiding rules and principles.[32] If a court need not have personal jurisdiction over the potential defendant, there is no limiting principle to guide a decision to allow or deny discovery with respect to some defendants and not others.

The burden is on the plaintiff in an action to plead allegations showing personal jurisdiction over the defendant.[33] The same burden should be on a potential plaintiff under Rule 202. We recognize that this burden may be heavier in a case like this, in which the potential defendant's

---

[31] *See* Hoffman, *supra* note 8, at 241 ("By express rule, Texas authorizes the broadest form of presuit discovery for private parties."); Jeffrey Liang, Note, *Reverse Erie and Texas Rule 202: The Federal Implications of Texas Pre-Suit Discovery*, 89 TEX. L. REV. 1491, 1492-1493 (2011) ("While the federal courts and most state courts allow for some pre-suit discovery, only Texas grants broad power to investigate potential claims.").

[32] *E.g.*, *Low v. Henry*, 221 S.W.3d 609, 619-620 (Tex. 2007) ("A trial court abuses its discretion when it acts without reference to any guiding rules or principles . . . .").

[33] *E.g.*, *Kelly v. General Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010) ("We have consistently held that the plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute.").

identity is unknown and may even be impossible to ascertain. But even so, Rule 202 does not guarantee access to information for every petitioner who claims to need it.

There was a time when Texas courts were so welcoming of litigation unrelated to the State that even the United States Supreme Court was forced to acknowledge: "it is possible that Texas has constituted itself the world's forum of final resort, where suit for personal injury or death may always be filed if nowhere else".[34] Since then the Legislature has firmly disclaimed that objective.[35] We will not interpret Rule 202 to make Texas the world's inspector general.

\*       \*       \*       \*       \*

We conclude that the trial court's order dated July 15, 2011, exceeded its authority under Rule 202. We conditionally grant Doe's petition for writ of mandamus, and direct the trial court to vacate its order. We are confident the trial court will comply, and our writ will issue only if it does not.

Nathan L. Hecht
Chief Justice

Opinion delivered: August 29, 2014

---

[34] *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988) (internal quotation marks omitted).

[35] *See* TEX. CIV. PRAC. & REM. CODE § 71.051.

12