**REVERSE and RENDER; and Opinion Filed June 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00782-CV

### EBAY INC., Appellant
### V.
### MARY KAY INC., Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-1403318**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Stoddart
Opinion by Justice Brown

Pursuant to Texas Rule of Civil Procedure 202, Mary Kay Inc. petitioned the trial court for an order authorizing it to depose eBay Inc. to obtain the identities of forty-eight eBay sellers in anticipation of claims against them for the unauthorized sale of Mary Kay products. eBay appeals the trial court's order granting Mary Kay's request. Relying on the Texas Supreme Court's opinion in *In re Doe (Trooper)*, 444 S.W.3d 603 (Tex. 2014), eBay maintains that, absent a showing the trial court would have personal jurisdiction over the anonymous eBay users, Mary Kay cannot use rule 202 to discover the users' identifying information. We agree. We reverse the trial court's order and render judgment denying Mary Kay's rule 202 petition.

### BACKGROUND

Under rule 202, a person may petition the court for an order authorizing the taking of a deposition to obtain the testimony of any person for use in an anticipated suit or to investigate a

potential claim or suit. TEX. R. CIV. P. 202.1. If a suit is anticipated, the petition must be filed in a proper court of any county where venue of the anticipated suit may lie. *Id.* 202.2(b)(1).

Mary Kay manufactures cosmetics and skin-care products and sells them directly to its Independent Beauty Consultants (IBCs). A person becomes an IBC when she submits an IBC agreement to Mary Kay and purchases a demonstration kit. IBCs are prohibited from selling Mary Kay products on internet auction sites such as eBay without Mary Kay's prior written approval. IBCs are also prohibited from using the Mary Kay name and trademark in internet advertising without prior written approval.

In March 2014, Mary Kay filed a verified rule 202 petition requesting authority to depose upon written questions an eBay corporate representative. Mary Kay is a Delaware corporation with its principal place of business in Addison, Texas. eBay is a Delaware corporation with its principal place of business in California. eBay was served through its registered agent in Dallas.

In the petition, Mary Kay listed the eBay usernames of forty-eight people selling Mary Kay products on eBay. Mary Kay alleged the users were selling expired products and/or unlawfully using Mary Kay's trademarks and copyrights to promote sales. Mary Kay sought to acquire from eBay information sufficient to identify those forty-eight eBay users in anticipation of claims against them. Mary Kay did not anticipate claims against eBay. As alleged in its petition, Mary Kay's claims include trademark infringement, copyright infringement, breach of contract, unfair competition, misappropriation of confidential information, and tortious interference with contract. Mary Kay alleged that it could not obtain the names, addresses, and phone numbers of these individuals and that the requested deposition was the only way to determine the users' identities. Mary Kay asserted venue was proper in Dallas County because it anticipated pursuing actions against the anonymous users in Dallas County.

eBay opposed Mary Kay's petition. It argued, among other things, that many of the sellers appeared to be non-residents who might not be subject to personal jurisdiction here and that Mary Kay could not use rule 202 to get around this obstacle. The trial court held two hearings at which it heard the arguments of counsel and Mary Kay presented over 700 pages of evidence taken from eBay's website showing Mary Kay products for sale by the sellers in question. At the conclusion of the second hearing, the trial court ruled it would authorize the requested deposition. On May 20, 2014, the trial court issued an order granting Mary Kay's request to take eBay's deposition. The court ordered eBay to provide Mary Kay, by deposition on written questions, with the name, address, telephone number, fax number, and email address associated with each of the forty-eight eBay usernames. The court further ordered that the deposition shall occur in Dallas at the office of eBay's counsel within thirty days. This appeal followed. *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) (pre-suit order authorizing deposition of party against whom suit is not anticipated is final appealable order). On eBay's motion, this Court stayed the trial court's order pending resolution of this appeal.

### DISCUSSION

In August 2014, while this appeal was pending, the Texas Supreme Court issued its opinion in *Trooper*. The issue before the court was whether, under rule 202, a proper court must have personal jurisdiction over the potential defendant. *Trooper*, 444 S.W.3d at 604. The court concluded it must. In its first issue on appeal, eBay contends that *Trooper* requires reversal of the trial court's order.

In *Trooper*, an anonymous blogger calling himself "the Trooper" launched an online attack against a software company and its CEO (collectively referred to as "the company"). *Id.* at 604–05. The company filed a rule 202 petition in a Harris County district court seeking to depose Google, the host of Trooper's blog. *Id.* at 605. The company requested Google's

disclosure of Trooper's identifying information in anticipation of a suit against him for libel, business disparagement, and, if he is a company employee, breach of fiduciary duty. *Id.* The company gave Trooper notice of the petition by sending it to his blog email address. Google did not oppose the rule 202 petition, but Trooper did. Appearing through counsel as John Doe, he filed a special appearance. Trooper maintained his only contact with Texas was the fact that his blog could be read online here. *Id.* He argued that because he did not have sufficient minimum contacts with Texas, there was no proper court to order a deposition to investigate a suit in which he may be a defendant. The trial court granted the company's request to take Google's deposition. *Id.*

Trooper sought mandamus relief in the supreme court. After examining the history of rule 202, the court concluded that, for two reasons, a proper court under rule 202 must have personal jurisdiction over the potential defendant. *Id.* at 608. First, the court reasoned that allowing discovery of a potential claim against a defendant over which the court would not have personal jurisdiction would deny the defendant protections Texas procedure otherwise affords. *Id.* Rule of civil procedure 120a entitles a defendant who files a special appearance to have the issue of personal jurisdiction heard and decided before any other matter. *Id.*; *see* TEX. R. CIV. P. 120a. Discovery is limited to jurisdictional issues. *Trooper*, 444 S.W.3d at 608. To allow witnesses in a potential suit to be deposed more extensively than would be permitted if suit were actually filed would circumvent the protections of rule 120a. *Id.* at 608–09. Second, the court found that it would be an unreasonable expansion of rule 202 to allow it to be used to order discovery without personal jurisdiction over a defendant. *Id.* at 610. It noted that rule 202 was already the broadest pre-suit discovery authority in the country. If there was no requirement that a court have personal jurisdiction over a defendant, the rule could be used "by anyone in the

–4–

world to investigate anyone else in the world against whom suit could be brought within the court's subject-matter jurisdiction." *Id.* This is not the intent of the rule. *Id.*

In *Trooper*, the court stated that the burden is on the potential plaintiff seeking discovery under rule 202 to plead allegations showing personal jurisdiction over the potential defendants. *Id.* The court acknowledged that in cases such as this where the identity of the potential defendant is unknown and may be impossible to ascertain, this is a heavy burden. But it stated that rule 202 does not guarantee access to information for every petitioner who claims to need it. The court refused to interpret the rule to make Texas "the world's inspector general." *Id.* at 611.

Mary Kay seeks to distinguish *Trooper* on the basis that neither eBay nor any of the anonymous parties filed a special appearance. Mary Kay further notes that eBay lacked standing to challenge the trial court's personal jurisdiction over the anonymous sellers. But in our estimation, *Trooper* does not turn on the fact that Trooper filed a special appearance. Like this case, *Trooper* is about whether the potential plaintiff established that the trial court was a proper court in which to file its rule 202 petition.

*Trooper* places the burden on Mary Kay to plead allegations showing the trial court's personal jurisdiction over the forty-eight potential defendants. *See id.* at 610. Mary Kay's rule 202 petition merely lists the sellers' eBay usernames. Mary Kay does not know or allege whether or not the sellers are IBCs. There is no information about where they live or their contacts with Texas. We reject Mary Kay's contention that the allegations in its petition about the nature of its claims, as well as the fact that Mary Kay is based in Dallas County and eBay is available here, are sufficient to show the court had personal jurisdiction over the potential defendants. Mary Kay's petition does not allege any jurisdictional facts to establish personal

jurisdiction over the anonymous eBay sellers.[1]  Because Mary Kay did not meet its burden, albeit a heavy one, to plead jurisdictional facts sufficient to establish the trial court had personal jurisdiction over the potential defendants and thus was a proper court, the trial court abused its discretion in granting Mary Kay's rule 202 petition.  *See Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 568–69 (Tex. App.—Dallas 2011, orig. proceeding) (we review court's order granting rule 202 petition under abuse of discretion standard).  We sustain eBay's first issue and need not consider its other two issues.

We reverse the trial court's order and render judgment denying Mary Kay's rule 202 petition.

/Ada Brown/
ADA BROWN
JUSTICE

140782F.P05

---

[1] Citing the following special appearance cases, Mary Kay also asserts that even if its rule 202 petition contained no jurisdictional allegations, the potential defendants had the burden to come forward and say they were non-residents.  *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010); *Temperature Sys., Inc. v. Bill Pepper, Inc.*, 854 S.W.2d 669, 673 (Tex. App.—Dallas 1993, writ dism'd).  If this were true, *Trooper*'s acknowledgement of the substantial, perhaps impossible, burden on a potential plaintiff when the identity of the potential defendant is unknown would have been unnecessary.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EBAY INC., Appellant

No. 05-14-00782-CV      V.

MARY KAY INC., Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas

Trial Court Cause No. DC-1403318.

Opinion delivered by Justice Brown. Justices Lang-Miers and Stoddart participating.

In accordance with this Court's opinion of this date, the trial court's May 20, 2014 order is **REVERSED** and judgment is **RENDERED** denying appellee Mary Kay Inc.'s rule 202 petition. It is **ORDERED** that appellant eBay Inc. recover its costs of this appeal from appellee Mary Kay Inc. The District Clerk of Dallas County is directed to release the full amount of the balance of the cash deposit in lieu of supersedes bond to appellant eBay Inc. or its counsel Vinson & Elkins LLP.

Judgment entered this 25th day of June, 2015.