ACCEPTED
02-14-00405-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
9/28/2015 12:39:10 PM
DEBRA SPISAK
CLERK

# No. 02-14-00405-CV

## COURT OF APPEALS FOR THE SECOND DISTRICT
## FORT WORTH, TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
9/28/2015 12:39:10 PM
DEBRA SPISAK
Clerk

### MARK ROLLINS,

### Appellant,

### v.

### HART SECURITY, LTD.,

### Appellee.

**On Appeal from the 141st District Court
Cause No. 141-274465-14 of Tarrant County, Texas,
the Honorable John P. Chupp, Presiding**

## UNOPPOSED MOTION FOR LEAVE TO FILE
## POST-SUBMISSION LETTER BRIEF

**TO THE HONORABLE SECOND COURT OF APPEALS:**

Appellant Mark Rollins ("Rollins") files this motion requesting permission to file the attached letter brief.

This case was submitted on oral argument on September 1, 2015.

The primary purpose of the attached letter brief is to address an issue raised for the first time on appeal at oral argument regarding the time of the filing of the English lawsuit in relation to Appellee's Rule 202 petition seeking a "pre-suit"

deposition, and what impact, if any, that procedural issue has on the Court's disposition of the case.

This motion is made in the interest of justice and not for the purpose of delay.

For these reasons, Rollins prays this Court grant its motion for leave and file its post-submission letter brief.

Respectfully submitted,

*/s/ John H. Cayce, Jr.*

| | |
|---|---|
| William D. Wood | John H. Cayce, Jr. |
| State Bar No. 21916500 | State Bar No. 04035650 |
| william.wood@nortonrosefulbright.com | john.cayce@kellyhart.com |
| Warren S. Huang | Dee. J. Kelly, Jr. |
| State Bar No. 00796788 | State Bar No. 11217250 |
| warren.huang@nortonrosefulbright.com | dee.kelly.2@kellyhart.com |
| Justin Tschoepe | Joe Greenhill |
| State Bar No. 24079480 | State Bar No. 24084523 |
| justin.tschoepe@nortonrosefulbright.com | joe.greenhill@kellyhart.com |
| **FULBRIGHT & JAWORSKI LLP** | **KELLY HART & HALLMAN LLP** |
| 1301 McKinney, Suite 5100 | 201 Main Street, Suite 2500 |
| Houston, Texas 77010-3095 | Fort Worth, Texas 76102 |
| Telephone: (713) 651-5151 | Telephone: (817) 332-2500 |
| Telecopier: (713) 651-5246 | Telecopier: (817) 878-9280 |

**COUNSEL FOR APPELLANT MARK ROLLINS**

**<u>CERTIFICATE OF CONFERENCE</u>**

On September 23, 2015, I spoke to Ryan Valdez, counsel for Appellee, and he stated that Appellee does not oppose this motion.

*/s/ John H. Cayce, Jr.*
John H. Cayce, Jr.

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2015, a true and correct copy of the foregoing document has been delivered to the following counsel of record by electronic service and/or e-mail:

Jack W. Massey
jack.massey@sutherland.com
Robert A. Lemus
robert.lemus@sutherland.com
**SUTHERLAND ASBILL & BRENNAN LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002

Robert D. Owen
robert.owen@sutherland.com
**SUTHERLAND ASBILL & BRENNAN LLP**
1114 Avenue of the Americas
New York, New York 10036

Ralph H. Duggins
rduggins@canteyhanger.com
Ryan Logan Valdez
rvaldez@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102

***Counsel for Appellee Hart Security Ltd.***

*/s/ Joe Greenhill*
Joe Greenhill



JOHN H. CAYCE, JR.
*john.cayce@kellyhart.com*

TELEPHONE: (817) 878-3597
FAX: (817) 878-9797

September 28, 2015

***Via Electronic Filing***
Debra Spisak, Clerk
**SECOND COURT OF APPEALS**
Tim Curry Criminal Justice Center
401 W. Belknap, 9th floor
Fort Worth, Texas 76196

> Re: Cause No. 02-14-00405-CV; *Mark Rollins v. Hart Security, Ltd.*; in the Second Court of Appeals, Fort Worth, Texas

Dear Justices Gardner, Meier, and Sudderth:

This case was submitted on oral argument on Tuesday, September 1, 2015. During argument, counsel for Hart presented the panel with a copy of a filed claim form regarding the English lawsuit and suggested that counsel for Mr. Rollins had misrepresented that the lawsuit was filed prior to Hart's Rule 202 petition. To the extent that the briefs submitted on Mr. Rollins' behalf inadvertently allege that the English lawsuit was filed prior to the Rule 202 petition, this allegation is incorrect.[1] Importantly, however, whether the English lawsuit was filed prior to or after the Rule 202 petition is entirely irrelevant to the question of whether the trial court abused its discretion in granting the petition to investigate a potential claim that is governed by a *mandatory* forum selection clause fixing *exclusive*

---

[1] Hart's counsel similarly alleged in the trial court: "[w]e know those [claims] are pending in England." [RR12].

**FORT WORTH OFFICE** | 201 MAIN STREET, SUITE 2500 | FORT WORTH, TX 76102 | TELEPHONE: (817) 332-2500 | FAX: (817) 878-9280

AUSTIN OFFICE | 303 COLORADO, SUITE 2000 | AUSTIN, TX 78701 | TELEPHONE: (512) 495-6400 | FAX: (512) 495-6401

MIDLAND OFFICE | 508 W. WALL, SUITE 444 | MIDLAND, TX 79701 | TELEPHONE: (432) 683-4691 | FAX: (432) 683-6518

NEW ORLEANS OFFICE | 400 POYDRAS STREET, SUITE 1812 | NEW ORLEANS, LA 70130 | TELEPHONE: (504) 522-1812 | FAX: (504) 522-1813

*Kelly Hart & Hallman, a Limited Liability Partnership | www.kellyhart.com*

jurisdiction over the claim in English courts.[2]  Under *Trooper*, the trial court had *no discretion* as a matter of law to grant Hart's 202 petition irrespective of when the English lawsuit was filed, because the trial court would lack authority to adjudicate the potential claim if suit is filed against Mr. Rollins on that claim.[3]  Br.Appellant8-16; ReplyBr.2-18; *see In re Doe a/k/a "Trooper,"* 444 S.W.3d 603, 607-09 (Tex. 2014) (orig. proceeding); *see also City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 340 (Tex. App.—Fort Worth 2005, no pet.).

Contrary to Hart's assertion that *Trooper* is distinguishable, *Trooper* is on all fours with this case in at least one critical respect: like the anonymous blogger in *Trooper*, Mr. Rollins is a "*potential defendant*."  Br.Appellee1; [CR22].  As such, Mr. Rollins was entitled to the *same rights and protections* in the 202 proceeding as he would be in a lawsuit involving the potential claim—*including the right to challenge the trial court's jurisdiction.  Trooper*, 444 S.W.3d at 608-10.  The only

[2]  The timing of the English lawsuit is also irrelevant to whether the trial court's benefit/burden finding is supported by the pleadings and the evidence.  The insufficiency of Hart's pleadings and evidence is fatal to Hart's petition and requires that the trial court's order be reversed and vacated, as matter of Texas law.  Br.Appellant16-20; ReplyBr.19-22.  Hart's burden is not satisfied by the mere fact that Mr. Rollins lives in Tarrant County.  If that were the case, the benefit/burden requirement would be meaningless in every circumstance where a 202 petition is filed to investigate a potential claim.  *See* TEX. R. CIV. P. 202.2(b)(2) (petition to investigate potential claim must be filed the county "where the witness resides").

[3]  As counsel for Mr. Rollins clarified at oral argument, because the mandatory forum selection clause vests the courts of England with *exclusive* jurisdiction over the underlying dispute, the trial court abused its discretion in exercising its jurisdiction over the dispute for pre-suit discovery purposes.  The trial court's subject matter jurisdiction is not at issue.

difference between the jurisdictional challenge in *Trooper* and the jurisdictional challenge here is that Mr. Rollins bases his challenge on a *mandatory forum selection clause*,[4] whereas the challenge by the potential defendant in *Trooper* was based on *personal jurisdiction*. Despite this difference, the result is the same—the trial court has *no discretion* to grant Rule 202 discovery to investigate the potential claim against Mr. Rollins, because the courts of England would have exclusive jurisdiction over any suit filed by Hart on the potential claim.

Hart's contention at oral argument that English law precludes Mr. Rollins from challenging jurisdiction under the mandatory forum selection clause also has no merit.[5] None of Hart's cryptic statements of English law are inconsistent with the well-established legal doctrines discussed in Mr. Rollins' reply brief that permit non-signatory parties to invoke a forum selection clause under Texas law. *See* ReplyBr.13-18. Instead, the English authorities on which Hart relies appear to involve situations where the non-signatory is *suing to enforce the contract*; those authorities do not address the situation where, as here, the non-signatory (Mr. Rollins) has invoked a forum selection *as a defense* to avoid litigation in a

---

[4] As a potential defendant and non-signatory to the agreement containing the mandatory forum selection clause, Mr. Rollins has the legal right to invoke the mandatory forum selection clause under the direct benefits estoppel doctrine and the transaction participant rule. ReplyBr.13-18.

[5] Moreover, the argument is waived because Hart has failed to supply the Court with the full text of the English authorities on which it relies. *In re S.N.A.*, No. 2-07-349-CV, 2008 WL 4938108, at *1-2 (Tex. App.—Fort Worth Nov. 20, 2008, no pet.) (mem. op.).

forum which the plaintiff contractually agreed not litigate the claim in question.

Texas law clearly gives Mr. Rollins the right to do this.

Thank you for your thoughtful consideration of this letter brief.

Respectfully submitted,

*/s/ John H. Cayce, Jr.*

| | |
|---|---|
| William D. Wood | John H. Cayce, Jr. |
| State Bar No. 21916500 | State Bar No. 04035650 |
| william.wood@nortonrosefulbright.com | john.cayce@kellyhart.com |
| Warren S. Huang | Dee. J. Kelly, Jr. |
| State Bar No. 00796788 | State Bar No. 11217250 |
| warren.huang@nortonrosefulbright.com | dee.kelly.2@kellyhart.com |
| Justin Tschoepe | Joe Greenhill |
| State Bar No. 24079480 | State Bar No. 24084523 |
| justin.tschoepe@nortonrosefulbright.com | joe.greenhill@kellyhart.com |
| **FULBRIGHT & JAWORSKI LLP** | **KELLY HART & HALLMAN LLP** |
| 1301 McKinney, Suite 5100 | 201 Main Street, Suite 2500 |
| Houston, Texas 77010-3095 | Fort Worth, Texas 76102 |
| Telephone: (713) 651-5151 | Telephone: (817) 332-2500 |
| Telecopier: (713) 651-5246 | Telecopier: (817) 878-9280 |

**COUNSEL FOR APPELLANT MARK ROLLINS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of September, 2015, a true and correct copy of the foregoing document has been delivered to the following counsel of record by electronic service and/or e-mail:

Jack W. Massey
jack.massey@sutherland.com
Robert A. Lemus
robert.lemus@sutherland.com
**SUTHERLAND ASBILL & BRENNAN LLP**
1001 Fannin Street, Suite 3700
Houston, Texas 77002

Robert D. Owen
robert.owen@sutherland.com
**SUTHERLAND ASBILL & BRENNAN LLP**
1114 Avenue of the Americas
New York, New York 10036

Ralph H. Duggins
rduggins@canteyhanger.com
Ryan Logan Valdez
rvaldez@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102

***Counsel for Appellee Hart Security Ltd.***

*/s/ John H. Cayce, Jr.*
John H. Cayce, Jr.