# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00291-CV

---

### In re JANA Corporation

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

This is a discovery dispute arising from litigation over an allegedly faulty plumbing material commonly known as PEX pipe. Defendant-Relator JANA Corporation, which entered a special appearance below challenging personal jurisdiction, *see* Tex. R. Civ. P. 120a, now seeks mandamus relief from an order granting a motion to compel depositions and from that order's appendix outlining the scope of those depositions. JANA contends that the court abused its discretion by allowing inquiry into both the jurisdictional question and the merits of the case. We agree with JANA and will conditionally grant mandamus relief from parts of the district court's order and appendix.

### BACKGROUND

In 2016, Christianson Air Conditioning and Plumbing, LLC, sued Indiana plumbing manufacturer NIBCO, Inc., and others in Travis County district court, alleging that NIBCO had manufactured and/or sold allegedly defective PEX pipes to Christianson.

Continental Homes of Texas, LP, intervened in the suit and raised similar claims against the defendants. Continental's claims were ultimately transferred to Williamson County.

Christianson and Continental later added claims against Canadian engineering firm JANA on the theory that JANA had "engaged in the business of introducing the product into channels of commerce and played more than an incidental role in marketing and certifying the reformulated PEX" piping. It is undisputed that JANA does not produce, market, or sell PEX pipes in Texas, although it did assist NIBCO with the reformulation of its pipes and NIBCO subsequently sold those pipes in the state. None of JANA's work for NIBCO occurred in Texas.

JANA filed a special appearance in both the Travis County and the Williamson County suits, arguing that neither Christianson nor Continental can establish personal jurisdiction in Texas. While the special appearance was pending, Christianson filed a motion to compel the depositions of two of JANA's principals, Wayne Bryce and Ken Oliphant. Christianson appended to the motion a list of 32 proposed topics for deposition. The three parties then executed a Rule 11 agreement providing that JANA would "make its witnesses Wayne Brice and Ken Oliphant available for depositions relating to special appearance" and that the parties would "confer by telephone on the scope of the depositions."

Despite conferring multiple times, the parties were unable to agree on the scope of the jurisdictional depositions. The parties argued the motion to compel to the Travis County district court, with Christianson proposing an amended list of thirty deposition topics. At the hearing, JANA maintained that Christianson's proposed list was an improper attempt to go beyond the jurisdictional inquiry and "delve into the merits of the case." The court requested post-hearing briefing on the proper scope for the depositions and ultimately issued an order compelling the depositions and allowing Christianson to inquire into all thirty topics, some of

2

which used revised language provided by the court. JANA then filed this petition for mandamus relief from the district court's order and an emergency motion to stay all proceedings pending resolution of JANA's petition. Christianson, Continental, and NIBCO each filed a response as a real party in interest. We may afford JANA mandamus relief only if it can demonstrate a clear abuse of the court's discretion in issuing the order compelling the depositions. *See Giffin v. Smith*, 688 S.W.2d 112, 114 (Tex. 1985) (orig. proceeding) (per curiam) (affording conditional mandamus relief from denial of motion to compel deposition answers).

## DISCUSSION

JANA presents two arguments in support of its request for a writ of mandamus. First, it argues that the district court abused its discretion in ordering the depositions of Bryce and Oliphant because written discovery is, as JANA characterizes it, more than sufficient to resolve the jurisdictional inquiry. Second, and in the alternative, JANA argues that the district court's list of thirty topics for deposition exceeds the scope of discovery permitted while a special appearance is pending and therefore constitutes a clear abuse of discretion. We need not address JANA's first argument, as JANA remains bound by the Rule 11 agreement requiring the depositions.[1] We will therefore turn to JANA's argument that the court's list of topics includes impermissible issues.

Rule 120a provides a mechanism by which a litigant may challenge the court's in personam or in rem jurisdiction. *See* Tex. R. Civ. P. 120a ("[A] special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the

---

[1] JANA appears to contend that it should no longer be bound by the Rule 11 agreement given the number of times opposing counsel has rescheduled the depositions. JANA, however, has offered no authority holding that a district court would commit a clear abuse of discretion by concluding otherwise and compelling discovery to which a party has already committed.

3

court over the person or property of the defendant."). The Supreme Court of Texas has held that until the plaintiff establishes personal jurisdiction over a defendant, any discovery served on that defendant must relate exclusively to the jurisdictional question. *In re Doe*, 444 S.W.3d 603, 608–09 (Tex. 2014) (orig. proceeding). The court explained, "[A] defendant who files a special appearance in a suit is entitled to have the issue of personal jurisdiction heard and decided before any other matter." *See id.* at 609. "To allow discovery of a potential claim against a defendant over which the court would not have personal jurisdiction denies him the protection Texas procedure would otherwise afford under Rule 120a." For example, the court observed, a defendant subject to discovery on the merits would "run[] the risk that it [i.e., any results from discovery] will be used against him in a suit later filed in a court that does have jurisdiction." *See id.* at 609 n.27.

In its briefing to this Court, JANA objects to the following topics included in the appendix to the district court's order:[2]

3. The history, background, and nature of JANA's business with NIBCO, CPI, and with regard to PEX pipe that could potentially be sold in Texas.

17. JANA's studies, tests, investigations, and assessments of NIBCO's PEX 1006 as it relates to the performance of NIBCO PEX 1006 to field conditions in Texas.

18. JANA's studies, tests, investigations, and assessments of NIBCO's PEX 1006 as it relates to performance of PE and PEX in field conditions in Texas.

21. JANA's efforts to assist NIBCO in maintaining certification for the sale of NIBCO PEX products at issue in this lawsuit which caused injury to the Plaintiff in Texas.

24. JANA's knowledge of problems with PEX pipe sold by NIBCO and CPI (e.g., leaks, cracks, failures, pinhole leaks, oxidative failure, outside diameter, certain failures to meet ASTM 876 and F2023, variability in the PEX pipe,

---

[2] Punctuation and typographical errors have been corrected throughout.

4

aggressive environments, etc.) at issue in this lawsuit which caused injury to the Plaintiff in Texas.

26. JANA's knowledge of failures in PEX pipe sold by NIBCO, Inc.

27. JANA's knowledge and impact of conditions, including but not limited to, high temperature, high pressure, hot chlorinated water, level of antioxidants, level of cross-linking, levels of stabilization, electronic beaming, oxidative degradation, and UV radiation on PEX pipe such as the NIBCO PEX products at issue in this lawsuit with end use or field conditions like those in Texas.

29. JANA's testing, inspection, investigation, and assessment of any failed PEX 1006.

30. JANA's testing, inspection, investigation, and assessment of any failed NIBCO PEX products at issue in this lawsuit.

JANA contends that inquiry into these topics would exceed the scope of the discovery necessary to resolve the jurisdictional inquiry and would therefore allow Christianson to obtain otherwise impermissible discovery on the merits. We agree.

To establish the district court's jurisdiction over JANA, Christianson must show that JANA has maintained "minimum contacts" within the State of Texas. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Minimum contacts exist where a defendant "has purposefully availed itself of the privileges and benefits of conducting business in the foreign jurisdiction." *See id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)). "Minimum contacts are particularly important when the defendant is from a different country because of the unique and onerous burden placed on a party called upon to defend a suit in a foreign legal system." *Id.* at 595 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987)).

Our review of this record confirms that the list of deposition topics exceeds the scope of permissible discovery. Christianson's minimum-contacts theory is that JANA worked with NIBCO to reformulate NIBCO's allegedly faulty product while JANA was aware that many

5

or most of NIBCO's sales occur in Texas. If it succeeds in establishing the court's jurisdiction over JANA, Christianson will pursue claims of negligence, fraud, conspiracy, products liability, and violations of the Deceptive Trade Practices Act, *see generally* Tex. Bus. & Com. Code §§ 17.01–.955.

Of the challenged enumerated topics, only topic 3 relates to NIBCO's theory of personal jurisdiction without inquiring into the merits of the case. By authorizing Christianson's deposition of JANA's principals on the other challenged topics—JANA's studies, tests, inspections, investigations, and assessments of PEX products; and JANA's awareness of the alleged problems with the products—the district court would allow Christianson to assess the strength of its theory that JANA colluded with NIBCO to knowingly or negligently sell faulty plumbing products in Texas. Thus, to permit Christianson to inquire into those topics without first resolving the question of personal jurisdiction would expose JANA to the very risk that the Supreme Court of Texas has already held unacceptable. *See Doe*, 444 S.W.3d at 609 n.27. Because allowing Christianson to subject JANA to that risk is irreconcilable with the high court's reasoning in *Doe*, *see id.* at 608-9 & n. 27, we conclude the district court committed a clear abuse of discretion in authorizing deposition inquiry into topics 17, 18, 21, 24, 26, 27, 29, and 30, and we will conditionally grant JANA relief from those aspects of the district court's order.

## CONCLUSION

Because the district court committed a clear abuse of discretion by allowing discovery into topics 17, 18, 21, 24, 26, 27, 29, and 30, we conditionally grant in part JANA's request for mandamus relief. The writ will issue only if the district court fails to amend its order

6

to delete those topics from the order's appendix outlining the scope of discovery.  We deny as moot JANA's emergency motion for a stay of all proceedings pending the resolution of this petition.

_____

Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Writ Conditionally Granted

Filed:   March 25, 2020