# IN THE SUPREME COURT OF TEXAS

═══════════════
No. 15-0794
═══════════════

IN RE CITY OF DALLAS, RELATOR

═══════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════════════

**PER CURIAM**

Rule 202 of the Texas Rules of Civil Procedure allows a court to authorize depositions "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(b). In this case, the City of Corsicana, Navarro County, and Navarro College (collectively "Navarro") filed a Rule 202 petition in the County Court at Law of Navarro County to investigate a potential tortious interference claim against the City of Dallas. The county court denied Dallas's immunity-based plea to the jurisdiction, granted Navarro's Rule 202 petition, and authorized depositions. In an opinion disposing of Dallas's interlocutory appeal and mandamus petition, the court of appeals affirmed the trial court's denial of Dallas's jurisdictional plea and granted mandamus relief narrowing the scope of the trial court's Rule 202 order. 2015 WL 4985935, at *7 (Tex. App.—Waco Aug. 20, 2015) (mem. op.). We deny Dallas's interlocutory appeal to this Court but grant mandamus relief conditionally vacating the trial court's order and remand the case to the trial court with instructions to determine its jurisdiction over the potential claim Navarro seeks to investigate.

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case," *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000); thus, a court cannot render a binding judgment concerning matters over which it lacks subject-matter jurisdiction, *In re Doe (Trooper)*, 444 S.W.3d 603, 608 (Tex. 2014). Moreover, a party "cannot obtain by Rule 202 what it would be denied in the anticipated action." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (per curiam). Therefore, "for a party to properly obtain Rule 202 pre-suit discovery, 'the court *must* have subject-matter jurisdiction over the anticipated action.'" *In re DePinho*, ___ S.W.3d ___, ___, 2016 WL 2979797, at *2 (Tex. May 20, 2016) (per curiam) (quoting *Trooper*, 444 S.W.3d at 608 (emphasis added)). "County courts at law are courts of limited jurisdiction and many, including the county court at law in this case, lack jurisdiction over a 'matter in controversy' that exceeds $[2]00,000." *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 401 (Tex. 2007); *see also* TEX. GOV'T CODE §§ 25.0003(c) (provisions pertaining to statutory county courts generally), 25.1772 (Navarro County Court at Law Provisions).

Although Dallas insists it is entitled to governmental immunity, neither party argues the county court otherwise lacks jurisdiction over Navarro's potential tortious interference claim. Nevertheless, a court is duty-bound to determine its jurisdiction regardless of whether the parties have questioned it. *See Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004). Accordingly, "we are obligated to review *sua sponte* issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Therefore, before addressing the merits of Navarro's claim to pre-suit discovery, we must determine whether the county court at law has jurisdiction over the potential claim Navarro seeks to investigate.

2

Although it seems likely that the amount in controversy[1] of the potential tortious interference claim exceeds the county court's $200,000 jurisdictional maximum, Navarro did not specify the damages it would seek in the anticipated suit. In its amended petition, Navarro claimed that Dallas's interference caused "Navarro County [to lose] approximately 200 jobs that were formally located within Navarro County," which injures Navarro "because those jobs are no longer located in Navarro County, where Navarro County taxing authorities and businesses can benefit from those jobs actively participating in the local economy." Ultimately, Navarro claimed "the loss of unabated tax revenues on the real property and inventory has . . . caused significant injury." Indeed, the judge asked: "In regards to damages, do y'all fall under the jurisdiction of my court?" To which Navarro's counsel said: "Well, we wouldn't if . . . we were here litigating the lawsuit," but that because "[t]he only thing we're asking for is discovery[,] . . . I think you have jurisdiction."

Despite this admission, we cannot say with certainty that the amount in controversy of Navarro's potential claim exceeds $200,000. Accordingly, we grant relator's petition, and without hearing oral argument, TEX. R. APP. P. 52.8(c), direct the county court to vacate its order authorizing depositions and to first determine its jurisdiction in accordance with the standards discussed in this opinion. Simply put, if the county court determines it does not have jurisdiction over Navarro's potential claim or anticipated action, it does not have jurisdiction over a Rule 202 proceeding

---

[1] "[I]n the jurisdictional context," the phrase "amount in controversy" means "the sum of money *or the value of the thing* originally sued for." *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000) (internal quotations omitted) (emphasis in original). Usually, for the purpose of determining the jurisdiction of a county court at law, that sum "includes all of the damages the plaintiff seeks to recover at the time suit is filed," not merely what the plaintiff is likely to recover. *Brite*, 215 S.W.3d at 401–03.

3

seeking to investigate such claim or action.[2] We are confident the county court will comply, and our

writ will issue only if it fails to do so.

OPINION DELIVERED: September 30, 2016

---

[2] As we recently explained, "a court cannot grant relief when it lacks jurisdiction of the subject matter," so "[i]t would make no sense to insist that a court ordering discovery to perpetuate testimony for a later-filed suit be one . . . [without] subject-matter jurisdiction." *Trooper*, 444 S.W.3d at 607–08. "Indeed, allowing courts to authorize Rule 202 depositions for potential suits over which they lack jurisdiction would untether pre-suit discovery from the suit it purports to be in aid of." *DePinho*, ___ S.W.3d at ___, 2016 WL 2979797, at *2; *see also Wolfe*, 341 S.W.3d at 933 ("To prevent an end-run around discovery limitations that would govern the anticipated suit, Rule 202 restricts discovery in depositions to 'the same as if the anticipated suit or potential claim had been filed.'").