# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00260-CV

---

### J. W., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 18-0068-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final order terminating the parental rights of appellant J.W. (the father) to his children, J.L.W. and B.W. In two issues on appeal, the father asserts that the trial court's failure to follow the requirements of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) deprived the trial court of subject-matter jurisdiction and violated the father's due-process rights. We will affirm the trial court's order.

## BACKGROUND

The father was married to the children's mother, H.W., in Nevada, where the children were born. In April 2017, a Nevada court signed a divorce decree granting the mother full custody of the children. On or about January 15, 2018, the mother moved with the children

to Texas. The father remained in Nevada, where he is currently incarcerated for assaulting the mother.

In April 2018, the Texas Department of Family and Protective Services (the Department) filed suit to terminate the parental rights of the father and the mother, alleging, among other grounds for termination, that the father and mother had knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children and engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E). The Department also alleged that the trial court had "emergency and/or home state jurisdiction under the [UCCJEA]." However, the petition did not specify that there had been a prior custody determination in another state.[1] The trial court proceeded to enter temporary orders for the protection of the children.

On August 16, 2018, the Department filed its "Amended Motion Regarding Uniform Child Custody Jurisdiction and Enforcement." In the motion, the Department asserted the following:

> The State of Texas has jurisdiction to render temporary orders for the protection of the children the subjects of this suit pursuant to Subchapter C, Chapter 152, Texas Family Code. The home state of the children was Nevada prior to the commencement of this proceeding. The children were brought to Texas on or about 2017.

---

[1] Although the record does not reflect when the trial court learned of the Nevada divorce decree, it appears that it was no later than June 6, 2018, when the Department filed a motion to transfer the proceedings from the court of exclusive continuing jurisdiction in Clark County, Nevada to the Williamson County Court at Law No. 1.

> Jurisdiction is more convenient in Texas as the children and the mother reside in Texas, the removal was completed in Texas, and all services to be completed by the family are in Texas. No suit for a child custody determination has been filed within 12 months of the original SAPCR. Additionally, the only party remaining in Nevada is incarcerated and incapable of substantially participating in the case.

> The Department asks that the Court find that the State of Texas is the home state of the children the subject of this suit and has jurisdiction pursuant to Subchapter C, Chapter 152, Texas Family Code, to render final orders for the custody of this child.

On November 8, 2018, the mother filed a plea to the jurisdiction, asserting that the Nevada court that signed the divorce decree retained continuing, exclusive jurisdiction over the custody issues concerning the children. The following day, the trial court conferred with the Nevada court via a telephonic hearing. Although a transcript of that hearing is not in the record before us,[2] it is undisputed that during the hearing, the Nevada court determined that Texas was the more convenient forum and deferred jurisdiction to Texas. The mother filed a motion to reconsider, which the Nevada court denied on December 18, 2018.

On January 29, 2019, the trial court held a hearing on the mother's plea to the jurisdiction and the Department's amended motion regarding the UCCJEA. After taking the matter under advisement, the trial court granted the Department's motion and denied the mother's plea to the jurisdiction.

The case proceeded to a jury trial in April 2019. Prior to trial, the mother filed a motion for continuance, asking the trial court to reconsider her plea to the jurisdiction. The trial court denied the request. During trial, the mother signed an affidavit of voluntary relinquishment of her parental rights, which the trial court accepted. The jury continued to hear evidence concerning the termination of the father's parental rights. At the conclusion of trial, the jury

---

[2] The father represents in his brief that the Nevada court made a record of the hearing.

found by clear and convincing evidence that the father's parental rights should be terminated. The trial court rendered judgment on the verdict. This appeal by the father followed.

**STANDARD OF REVIEW**

"'[S]ubject-matter jurisdiction is essential to a court's power to decide a case.'" *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)); *see Tellez v. City of Socorro*, 226 S.W.3d 413, 413 (Tex. 2007) (per curiam). "[A] court cannot render a binding judgment concerning matters over which it lacks subject-matter jurisdiction." *City of Dallas*, 501 S.W.3d at 73 (citing *In re Doe*, 444 S.W.3d 603, 608 (Tex. 2014) (orig. proceeding)). Therefore, a judgment rendered by a court without subject-matter jurisdiction is void. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (orig. proceeding).

Whether a court has subject-matter jurisdiction is a question of law. *Sampson v. University of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). Accordingly, we review a trial court's ruling on a plea to the jurisdiction de novo. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018); *Miranda*, 133 S.W.3d at 228; *Saavedra v. Schmidt*, 96 S.W.3d 533, 541 (Tex. App.—Austin 2002, no pet.). Similarly, we review any statutory-construction questions involving the jurisdictional provisions contained within the UCCJEA de novo. *Powell v. Stover*, 165 S.W.3d 322, 324–25 (Tex. 2005) (citing *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003)); *In re Forlenza*, 140 S.W.3d 373, 376 (Tex. 2004) (orig. proceeding); *In re Walker*,

4

428 S.W.3d 212, 215–16 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *see In re Dean*, 393 S.W.3d 741, 745–47 (Tex. 2012) (orig. proceeding).

## ANALYSIS

Under the UCCJEA, the trial court that makes the "initial child custody determination" generally retains exclusive continuing jurisdiction over any future custody determinations. *Saaverda*, 96 S.W.3d at 541; *see* Tex. Fam. Code § 152.202(a). "Child custody determination" means a judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child. Tex. Fam. Code § 152.102(3). "Initial determination" means the first child custody determination concerning a particular child. *Id*. § 152.102(8). Here, it is undisputed that the initial child-custody determination was made in the divorce decree that the Nevada court entered in April 2017. Accordingly, at that time, the Nevada court became the court of exclusive continuing jurisdiction under the UCCJEA. *See id*. § 152.202. Absent the Nevada court's relinquishment of its jurisdiction, the Texas trial court was without jurisdiction to terminate the parental rights of the mother and father to their children. *See id*. § 152.203; *see also In re A.J.*, No. 02-15-00329-CV, 2016 Tex. App. LEXIS 12791, at *5–13 (Tex. App.—Fort Worth Dec. 1, 2016, no pet.) (mem. op.) (concluding that Texas court did not have jurisdiction to render custody determination when New York court of exclusive continuing jurisdiction did not decline jurisdiction).

However, in the absence of "exclusive continuing jurisdiction," a Texas trial court can exercise "temporary emergency jurisdiction" if the children are "present in this state" and "it is necessary in an emergency to protect the child[ren]" because they are "subjected to or threatened with mistreatment or abuse." Tex. Fam. Code § 152.204. In this case, at the time the

5

Department filed suit in April 2018, the record reflects that the children were present in Texas and had been subjected to or threatened with mistreatment or abuse. Specifically, in an affidavit attached to the Department's petition, Kristen Maddux, a Child Protective Services Investigator with the Department, averred that the children lived in Cedar Park, Texas, with their mother and their mother's boyfriend, R.S., and that R.S. had physically abused the children while in their mother's care. This evidence supports the trial court's exercise of "temporary emergency jurisdiction" under the UCCJEA. *See id.* Accordingly, the trial court had jurisdiction to enter temporary orders for the protection of the children. *See Saavedra*, 96 S.W.3d at 544 ("States have a *parens patriae* duty to children within their borders, and the possibility that allegations of immediate harm might be true is sufficient for a court to assume temporary emergency jurisdiction in the best interests of the child under the UCCJEA."); *see also In re C.L.B.*, No. 10-13-00203-CV, 2014 Tex. App. LEXIS 1924, at *12–19 (Tex. App.—Waco Feb. 20, 2014, no pet.) (mem. op.); *In re F.M.-T.*, No. 02-13-00230-CV, 2013 Tex. App. LEXIS 12368, at *4–9 (Tex. App.—Fort Worth Oct. 3, 2013, no pet.) (mem. op.); *In re J.C.B.*, 209 S.W.3d 821, 823–24 (Tex. App.—Amarillo 2006, no pet.).

"Generally, emergency jurisdiction confers only temporary jurisdiction to prevent irreparable and immediate harm to children." *Abderholden v. Morizot*, 856 S.W.2d 829, 833–34 (Tex. App.—Austin 1993, no writ). Absent the satisfaction of other jurisdictional prerequisites, the UCCJEA "does not confer upon the state exercising emergency jurisdiction the authority to make a permanent custody disposition." *Id.* at 834. However, in this case, the jurisdictional prerequisites were satisfied. It is undisputed that the trial court conferred with the Nevada court, which determined that Texas was the more convenient forum and deferred jurisdiction to Texas. *See* Nev. Rev. Stat. § 125A.365 (providing that court of exclusive continuing jurisdiction "may

6

decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum"); *see also* Tex. Fam. Code § 152.207 (identical Texas provision). Only after the Nevada court had declined to exercise jurisdiction did the case proceed to trial in Texas. *Cf. In re J.T.R.*, No. 13-17-00676-CV, 2018 Tex. App. LEXIS 3115, at *4–6 (Tex. App.—Corpus Christi May 3, 2018, no pet.) (mem. op.) (concluding that trial court did not have jurisdiction to terminate parental rights because Mississippi court had made prior custody determination for children and there were "no pleadings or proof in the record to support a conclusion that the Mississippi court relinquished its exclusive continuing jurisdiction"). Moreover, it is undisputed that by the time of trial, the children and their mother had been residing in Texas for over a year and there were no custody proceedings pending in Nevada. Accordingly, we conclude that at the time the trial court rendered its judgment terminating the father's parental rights, it had acquired jurisdiction to modify the Nevada court's prior custody determination. *See* Tex. Fam. Code § 152.203(1) (specifying requirements for court to modify prior custody determination of court of exclusive continuing jurisdiction); *In re T.B.*, 497 S.W.3d 640, 647–52 (Tex. App.—Fort Worth 2016, pet. denied); *J.C.B.*, 209 S.W.3d at 824; *see also C.L.B.*, 2014 Tex. App. LEXIS 1924, at *12–19; *F.M.-T.*, 2013 Tex. App. LEXIS 12368, at *4–9; *In re J.W.H.*, No. 14-09-00143-CV, 2010 Tex. App. LEXIS 2819, at *13–14 (Tex. App.—Houston [14th Dist.] Apr. 20, 2010, no pet.) (mem. op.).

The father asserts, however, that the trial court failed to comply with various procedural requirements of the UCCJEA. Specifically, the father contends that the trial court failed to: (1) specify in its temporary orders a deadline for the parties to obtain an order from the Nevada court pertaining to jurisdiction, *see* Tex. Fam. Code § 152.204(c); (2) "immediately"

confer with the Nevada court on jurisdiction, *see id*. § 152.204(d); (3) provide the parties with an opportunity to present facts and arguments before a final decision on jurisdiction was made, *see id*. § 152.110(c); and (4) make a record of the telephonic hearing between the Nevada and Texas courts and grant the parties access to the record of that hearing, *see id*. § 152.110(f). According to the father, the failure to comply with these procedures prevented the trial court from obtaining subject-matter jurisdiction and violated the father's due-process rights.

The father cites to no cases holding that a violation of the above procedural requirements prevents the trial court from acquiring subject-matter jurisdiction, and we have found none.[3] We also observe that although the trial court did not comply fully with the above procedural requirements, the record reflects that the trial court conferred with the Nevada court and obtained an order from the Nevada court declining to exercise jurisdiction; provided notice to the parties of its telephonic hearing with the Nevada court; held a hearing on the mother's plea to the jurisdiction, at which time the parties were permitted to present argument on the jurisdictional issue; and allowed the parties to submit briefing on the issue before making its final decision on jurisdiction. Under similar circumstances, a California court concluded that the

---

[3] We have found cases holding that the failure to comply with similar procedural requirements in the Texas Family Code does not deprive the trial court of subject-matter jurisdiction. *See, e.g.*, *Kendall v. Kendall*, 340 S.W.3d 483, 498–500 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (concluding that certain procedural requirements enumerated in enforcement provisions of Uniform Interstate Family Support Act (UIFSA) were not jurisdictional); *In re E.D.L.*, 105 S.W.3d 679, 688 (Tex. App.—Fort Worth 2003, pet. denied) (concluding that family code's requirement that court conduct adversary hearing within fourteen days after taking possession of children was not jurisdictional); *see also In re L.D.C.*, No. 13-17-00053-CV, 2018 Tex. App. LEXIS 10244, at *9–11 (Tex. App.—Corpus Christi Dec. 13, 2018, no pet.) (mem. op.) (concluding that "violation of a procedural rule in the assignment of a case to a court that otherwise has subject matter jurisdiction does not deprive the court to which the case is assigned of jurisdiction"). *Cf. Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001) ("Even if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional.").

trial court "substantially complied with the essential procedural requirements of the UCCJEA and fully satisfied the central goals of the act," thus rendering any error in the trial court's procedures harmless. *In re Cristian I.*, 224 Cal. App. 4th 1088, 1099 (Cal. Ct. App. 2014). We reach the same conclusion on the record here. Finally, we note that the father did not raise these complaints in the court below, nor did he assert that the trial court had violated his due-process rights. Accordingly, the father has waived any error in the trial court's procedure. *See* Tex. R. App. P. 33.1(a)(1); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (concluding that failure to raise due-process claim in court below waived complaint on appeal); *see also Belmonte v. Belmonte*, No. 09-07-225-CV, 2008 Tex. App. LEXIS 3503, at *11 (Tex. App.—Beaumont May 15, 2008, no pet.) (mem. op.) (concluding that by failing to object to trial court's failure to have its conversation with New York court recorded, parties waived error).

We overrule the father's first and second issues on appeal.

## CONCLUSION

We affirm the trial court's order of termination.

_____
Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed: August 20, 2019

9