**Affirmed and Memorandum Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00716-CV

---

## IN THE ESTATE OF RHOGENA ANN NICHOLAS, DECEASED

---

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 474728-401**

---

## MEMORANDUM OPINION

John Nicholas, Temporary Administrator of the Estate of Rhogena Nicholas, and Jo Ann Nicholas, Rhogena Nicholas's mother (collectively, "Petitioners"), filed a petition to take pre-suit depositions. Tex. R. Civ. P. 202. The City of Houston appeals an order denying its plea to the jurisdiction. We affirm.

# I.  Background[1]

Rhogena Nicholas and her husband Dennis Tuttle lived at 7815 Harding Street, in Houston, Texas.  On January 28, 2019, armed members of Narcotics Squad 15 with the City of Houston ("the City") Police Department ("HPD") conducted a raid on the residence ("the Harding Street Incident").  During the course of the raid, Narcotics Squad 15 fired several rounds, killing Rhogena and Tuttle, and their dog.  Five members of Narcotics Squad 15 also were injured during the raid.

In the City's public narrative about the Harding Street Incident, City officials and police command staff described a ferocious assault by both Rhogena and Tuttle on a "hero," Gerald Goines, when he led Narcotics Squad 15 into a well-known black tar heroin "drug house" with residents so dangerous the entry into the house required a "no-knock" forced entry.[2]

Petitioners maintain there were no documented confidential informant "significant meeting" records in the HPD files to support the raid on the Harding Street home.

After the Harding Street Incident, the City did not contact Petitioners and did not respond to Petitioners' request to publicly correct or retract what Petitioners contended were factually incorrect statements.  For example, Rhogena's neighbor provided a cell phone video that suggested a different account of what happened at the Harding Street home than that set forth by the City.  The City has resisted

---

[1] The facts asserted are taken from the Petition filed on July 25, 2019.  When a plea to the jurisdiction challenges the pleadings, we take allegations in the pleadings as true.  *See Westbrook v. Penley*, 231 S.W.3d 389, 405 (Tex. 2007); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

[2] The raid was conducted under the authority of a warrant authorizing a "no-knock" procedure by which the squad may execute the search warrant without notifying the occupants before entering the premises.

efforts by Petitioners to secure the 911 records related to the Harding Street Incident. Moreover, HPD has refused to disclose what physical materials may have been removed from the scene.

Petitioners retained an independent forensic investigator to conduct an independent investigation at the Harding Street home. After analyzing the scene, the investigator concluded that HPD failed to conduct a full ballistic recovery and left significant forensic materials untouched and unrecovered, preventing a full reconstruction of the incident. Petitioners' investigator made preliminary findings as to the firing position of the fatal bullets to Rhogena and to Tuttle. Petitioners contend materials collected, documentation, and lab testing during HPD's control of the Harding Street home are important to confirm or modify the preliminary findings. Additionally, Petitioners contend that full scene reconstruction requires comparison with statements of persons present during the Harding Street Incident. According to Petitioners, there are indications that the City's story does not line up with the physical facts at the scene, which provides sufficient basis to order the depositions requested, in order to investigate the wrongful death, violation of civil rights, and other claims arising from the Harding Street Incident.

Petitioners further assert that in a "legitimate police operation," there is never any doubt about the identity of confidential informants ("CIs"). Pursuant to an internal HPD order, the identity of CIs offering specific information about criminal activities (called "significant meetings") is required to be documented and readily accessible to police managers. Petitioners contend that the policy of identifying CIs to police managers is a "basic safeguard to maintain the integrity of the department and the individual officers and ensure accountability." Here, however, Petitioners allege that HPD's managers knew from the beginning that there were no documented CI significant meeting records in its files supporting the

3

assault on the Harding Street home. Nevertheless, while HPD managers searched for a non-existent CI related to the Harding Street Incident, the City, in press conferences continued to repeat the justification for the raid as a "black tar heroin drug house."

According to Petitioners, overseeing practices that allow officers such as Gerald Goines to make up CIs, or to fabricate a criminal activity used to justify warrants, would violate the Fourth Amendment to the United States Constitution. Petitioners further plead that local news media revealed that in the last 109 cases filed by Gerald Goines based on a sworn affidavit in support of a search warrant: "In every one of those cases in which he claimed confidential informants observed guns inside, no weapons were ever recovered, according to evidence logs Goines filed with the court." On this basis, Petitioners request the depositions of the two HPD managers responsible for oversight of Gerald Goines in the HPD Narcotics Division.

Finally, Petitioners contend the depositions are necessary to investigate the HPD practices that led to the Harding Street Incident, because HPD's investigations of past officer-involved shooting incidents indicates that for years HPD found 100% of the intentional shootings of persons by its officers "justified."

On July 25, 2019, Petitioners filed a sworn petition for an order authorizing the taking of pre-suit depositions pursuant to Rule 202 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 202. The Petitioners seek to investigate potential claims against the City, including those available under the Texas Wrongful Death / Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021, and potential claims as applied through 42 U.S.C. §§ 1983, 1988 on behalf of the Estate, as well as Jo Ann Nicholas as a legal heir. Petitioners also seek to investigate potential claims arising from the alleged violation of Rhogena's rights under the Fourth

4

Amendment of the United States Constitution (wrongful search and seizure; excessive force) enforced pursuant to 42 U.S.C. § 1983. Further, Petitioners seek to investigate a potential claim under the Texas Tort Claims Act as a result of the misconduct of agents, managers, and representatives of the City, leading to the Harding Street Incident, and the deaths of Rhogena and Tuttle.

Petitioners requested authorization to depose designated representatives of the City of Houston (Police Department Narcotics Division), Captain Paul Q. Follis, and Lieutenant Marsha Todd. Petitioners seek deposition testimony from a designated representative or representatives of the City regarding:

(1)    the alleged reason(s) for targeting the Harding Street home for a "no knock" warrant execution;

(2)    the policies and practices for enrollment and supervision of confidential informants, including handling of money and drugs with such persons;

(3)    the policies and practices for investigation of officer-involved shootings; and

(4)    Audits, if any, of the Narcotics Division (specifically including audit of the use of CI's; documentation of CI work and "significant meetings"; affidavits filed in support of warrants, and the use of no-knock warrants by Gerald Goines or in Narcotics) in the past 3 years.

Additionally, Petitioners assert that Follis and Todd oversaw the HPD Narcotics Division, including Gerald Goines and Narcotics Squad 15. Petitioners seek deposition testimony from both as to the following:

(1)    the alleged reason(s) for targeting the Harding Street home for a "no knock" warrant execution;

(2)    the supervision of Narcotics Squad 15, including Gera[l]d Goines and Stephen Bryant;

(3)    the supervision and monitoring of applications for warrants by Narcotics Squad 15; [and]

5

> (4)     the supervision and monitoring of use of confidential informants by Narcotics Squad 15, including tracking of money and drugs with such persons.

The City filed a plea to the jurisdiction, asserting that Petitioners' Rule 202 petition fails as a matter of law because: (a) the court, Probate Court No. 1, lacks statutory subject-matter jurisdiction; (b) the petition is devoid of any facts establishing waiver of the City's immunity under the Texas Tort Claims Act; (c) Petitioners lack standing to assert a § 1983 claim; and (d) the probate court is not a proper court for a Rule 202 proceeding because any claim asserted pursuant to 42 U.S.C. § 1983 is subject to removal. Thus, the City requested dismissal for lack of subject matter jurisdiction. Petitioners filed a response to the City's plea, rebutting each of its points.

After holding a hearing, the trial court denied the City's plea to the jurisdiction from the bench, and on September 16, 2019, signed an order denying the City's request. This interlocutory appealed followed.[3]

## II.     Analysis

The City raises one issue on appeal: whether the probate court erred in denying the plea to the jurisdiction when that court has "no express statutory jurisdiction" to consider the Rule 202 petition.

### A.     Standard of Review

"A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction." *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). We review a trial court's order granting or denying a plea to the jurisdiction *de novo*. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004).

---

[3] Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

A plea to the jurisdiction challenges a trial court's authority to determine the subject-matter of the cause of action, but without defeating it on the merits. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of the plea is not to preview or delve into the merits of the case, but to establish the reason why the merits of the underlying claims need not be reached. *Id*.

The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When, as here, a plea to the jurisdiction challenges the pleadings, we take allegations in the pleadings as true and construe the pleadings liberally in favor of the plaintiff. *See Westbrook*, 231 S.W.3d at 405; *Miranda*, 133 S.W.3d at 226. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. at 228. "'Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*.'" *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010) (quoting *Miranda*, 133 S.W.3d at 226); *TRST Corpus, Inc. v. Financial Ctr., Inc.*, 9 S.W.3d 316, 320 (Tex. App.— Houston [14th Dist.] 1999, pet. denied).

## B. Harris County Statutory Probate Court's Subject Matter Jurisdiction

Probate Court No. 1 of Harris County is a statutory probate court. Tex. Gov't Code § 25.1031(c). "A court may exercise only the jurisdiction accorded it by the constitution or by statute." *See Goodman v. Summit at W. Rim, Ltd.*, 952 S.W.2d 930, 933 (Tex. App.—Austin 1997, no pet.). Our analysis begins, therefore, with a review of the jurisdiction accorded to a statutory probate court.

7

### 1. Exclusive Jurisdiction of Probate Proceeding in a County with Statutory Probate Court

Section 32.005 of the Texas Estates Code provides that a "statutory probate court has exclusive jurisdiction of all *probate proceedings*, regardless of whether contested or uncontested." Tex. Est. Code § 32.005(a) (emphasis added). In a county in which there is a statutory probate court, "a claim brought by a personal representative on behalf of an estate" is also a claim "related to [a] probate proceeding." *See* Tex. Est. Code § 31.002(a)(3), (c)(1)-(2) (defining "matters related to a probate proceeding").

### 2. Concurrent Jurisdiction with District Court

In addition, Section 32.005(a) recognizes that the Estates Code provides for concurrent jurisdiction over some causes of action related to a probate proceeding.[4] Specifically, the statutory probate court has concurrent jurisdiction with district courts in actions enumerated in Section 32.007. Tex. Est. Code § 32.005(a); *see also* Tex. Est. Code § 32.007. Section 32.007 of the Texas Estates Code provides that a statutory probate court has concurrent jurisdiction with a district court over several types of actions, including "a personal injury, survival, or wrongful death action by or against a person in the person's capacity as a personal representative." *See id.* § 32.007(1).

## C. Rule 202

Texas Rule of Civil Procedure 202 provides a mechanism for requesting court authorization of pre-suit depositions to either (1) perpetuate or obtain testimony for use in an anticipated lawsuit, or (2) investigate a potential claim or

---

[4] "A cause of action related to the probate proceeding must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 32.007 or with the jurisdiction of any other court." Tex. Est. Code § 32.005(a).

suit. Tex. R. Civ. P. 202.1. It is undisputed that this case involves the investigation of a potential claim or suit. In such cases, we must construe Petitioners' Rule 202 petition liberally. *See Houston Indep. Sch. Dist. v. Durrell*, 547 S.W.3d 299, 305 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein. *See In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding). Requiring a Rule 202 petitioner to plead a viable claim "would eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists" and would place "counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of [rule 13]." *Id*. Thus, the nature of Rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition.

Rule 202 depositions, however, are not intended for routine use. *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). "There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *Id*. Accordingly, courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding).

Rule 202 does not authorize a party to obtain otherwise unobtainable discovery. *See In re Wolfe*, 341 S.W.3d at 933 (noting that petitioner "cannot obtain by Rule 202 what it would be denied in the anticipated action"). Indeed, Rule 202 expressly limits the scope of discovery in pre-suit depositions to "the same as if the anticipated suit or potential claim had been filed." Tex. R. Civ. P.

202.5. Rule 202, like all the rules of civil procedure, was fashioned by the Texas Supreme Court as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 554 (Tex. App.—Dallas 2011, no pet.) (citing Tex. R. Civ. P. 1).

A Rule 202 petition must "be filed in the proper court of any county . . . ." Tex. R. Civ. P. 202.2(b). This court has previously held that "[a] proper court to entertain a Rule 202 petition is a court that would have subject-matter jurisdiction over the underlying dispute or anticipated lawsuit; thus, we must look to the substantive law of the underlying dispute or anticipated action to determine jurisdiction." *See Durrell*, 547 S.W.3d at 305 (citations omitted). The *Durrell* holding follows that of the Supreme Court. In *In re Doe (Trooper)*, the Supreme Court analyzed the antecedents to and history of Rule 202 before determining the "proper court" to entertain a Rule 202 petition:

> While Rule 202 is silent on the subject, we think it implicit, as it has always been, that the court must have subject-matter jurisdiction over the anticipated action. The rule cannot be used, for example, to investigate a potential federal antitrust suit or patent suit, which can be brought only in federal court.

444 S.W.3d 603, 608 (Tex. 2014) (orig. proceeding).[5] Thereafter, in 2016, the Supreme Court squarely held that a Rule 202 proceeding is proper if the trial court has subject-matter jurisdiction over the anticipated action. *See City of Dallas¸* 501 S.W.3d 71, 73–74 (Tex. 2016) (orig. proceeding) (holding case must be remanded

---

[5] Because the issue in *In re Doe (Trooper)* was whether the appellee was subject to the trial court's *personal* jurisdiction rather than whether the lawsuit fell with the trial court's *subject matter* jurisdiction, its holding as to subject matter jurisdiction falls under judicial dictum. Notwithstanding, the Supreme Court's analysis and judicial dictum warrants being "followed unless found to be erroneous." *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 399 (Tex. 2016) (citation omitted).

to determine if the amount in controversy exceeded the jurisdictional limits of the county court at law); *see also In re DePinho*, 505 S.W.3d 621, 624–25 (Tex. 2016) (orig. proceeding) (per curiam) (holding trial court would lack subject-matter jurisdiction because petitioner's claims were not ripe; thus, Rule 202 depositions not allowed). In summarizing its prior holdings, the court in *City of Dallas* observed that "for a party to properly obtain Rule 202 pre-suit discovery, 'the court *must* have subject-matter jurisdiction over the anticipated action.'" *See City of Dallas*, 501 S.W.3d at 73 (citing *In re DePinho*, 505 S.W.3d at 623) (citing *In re Doe (Trooper)*, 444 S.W.3d at 608) (emphasis in original).

Thus, we must look to the substantive law of the underlying dispute or anticipated action to determine jurisdiction. *See In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (per curiam).

**D.    The Statutory Probate Court has Jurisdiction Over the Potential Claims**

The City contends that the trial court erred by denying its plea to the jurisdiction because a Rule 202 proceeding is not contemplated by the Estates Code—the code that defines a statutory probate court's jurisdiction—as a matter over which such a court has jurisdiction. Specifically, the City argues that Petitioners' Rule 202 proceeding is not a "probate proceeding" because it is not included in any of the specific actions listed in Section 31.001 of the Estates Code,[6] which defines the term. Additionally, the City says, this proceeding is not a "matter related to a probate proceeding." *Id.* § 31.002. Thus, the City concludes the probate court does not have jurisdiction under the Estates Code. We disagree.

---

[6] The term "probate proceeding" is defined as probate of a will, issuance of letters testamentary and of administrations, determination of heirship, action regarding the probate of a will or estate administration, a claim arising from an estate administration, settling the account of an estate, a will construction suit, or a will modification or reformation proceeding. Tex. Est. Code § 31.001(1)-(8).

11

"All probate proceedings must be filed and heard in a court exercising original probate jurisdiction." Tex. Est. Code § 32.001(a). "The court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court." *Id*. Relevant here, matters "related to a probate proceeding" include "any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative." *Id*. § 31.002(c). According to the City, a Rule 202 proceeding is not "related to a probate proceeding" because a Rule 202 petition is not a "cause of action." *See Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, pet. denied). But the question is not whether the Rule 202 request is related to a probate proceeding; the question is whether the probate court has jurisdiction over the *potential claims* Petitioners seek to investigate. *City of Dallas*, 501 S.W.3d at 73; *Durrell*, 547 S.W.3d at 306. If the court lacks jurisdiction over the anticipated action, then the court lacks jurisdiction over the Rule 202 proceeding. *Id*.

The claims Petitioners seek to investigate include survival claims. "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." *See* Act of May 4, 1895, ch. 89, 1895 Tex. Gen. Laws 143 (codified at Tex. Civ. Prac. & Rem. Code § 71.021(b)). The personal representative of Rhogena's estate is the proper party to bring a survival claim to recover damages Rhogena suffered before her death. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005). Thus, the personal representative of Rhogena's estate, John Nicholas, would be a party to the anticipated action. Accordingly, the potential survival claims Petitioners seek to investigate by the Rule 202 proceeding are matters "related to a probate proceeding" and therefore

12

fall within a statutory probate court's subject matter jurisdiction. *Id.* § 31.002(c); *see Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 620 (Tex. 2005) (statutory probate court had jurisdiction over survival action under predecessor statute).

Moreover, Estates Code section 32.007 provides separately that a statutory probate court has concurrent jurisdiction with the district court in, among other lawsuits, "a personal injury, survival, or wrongful death action by or against a person in the person's capacity as a personal representative." Tex. Est. Code § 32.007(1). Jo Ann Nicholas is alleged to be Rhogena's mother and has explained in the Rule 202 petition her desire to investigate, and her interest in, a potential wrongful death claim against the City. An action to recover damages for the wrongful death of a decedent is for the exclusive benefit of the surviving spouse, children, and parents of the deceased. Tex. Civ. Prac. & Rem. Code § 71.004(a).

For these reasons, the statutory probate court has subject matter jurisdiction over the anticipated action under the Estates Code. Hence, the trial court did not err in denying the City's plea to the jurisdiction regarding the Rule 202 proceeding. *See City of Dallas*, 501 S.W.3d at 73; *Gonzalez*, 159 S.W.3d at 620; *Durrell*, 547 S.W.3d at 306.

The City's issue is overruled.

### III. Conclusion

The probate court's order denying the City's plea to the jurisdiction is affirmed.

/s/    Margaret "Meg" Poissant
        Justice

Panel consists of Justices Wise, Jewell, and Poissant.

13