**Conditionally Granted and Opinion Filed June 17, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00283-CV**

**IN RE MODERN SENIOR LIVING, LLC, Relator**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17614**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Smith
Opinion by Justice Osborne

This mandamus proceeding arises from the trial court's denial of relator

Modern Senior Living, LLC's motion to designate Michael Brown as a responsible

third party. *See* TEX. CIV. PRAC. & REM. CODE § 33.004. The trial court denied

relator's motion on the ground that relator failed to comply with its disclosure

obligations under the applicable statutes and rules. *See id.*; TEX. R. CIV. P. 194.2.[1]

Because we conclude that the trial court abused its discretion by denying relator's

motion and relator lacks an adequate remedy at law, we conditionally grant the writ.

---

[1] Rule 194.2, "Initial Disclosures," was amended in 2020, but the changes are effective only for cases filed after January 1, 2021. *See* Misc. Dkt. No. 20-9153 (Tex. Dec. 23, 2020). Because this case was filed in 2020, we apply the former rule.

## BACKGROUND

Dennie Brown, the father of real parties in interest Wanda Thomas and Reginald W. Brown, died on January 24, 2019. At the time of his death, Dennie was a resident at relator's skilled nursing facility. Real parties filed this health care liability suit against relator on November 25, 2020, serving relator with process on December 14, 2020. Real parties alleged:

> On January 24, 2019, while under the care, supervision and control of the Defendant's nursing facility and its employees, the Decedent was allowed to leave the nursing facility in his wheelchair and was struck by a motor vehicle. As a result of his injuries, Dennie Brown later succumbed to the injuries he sustained in the collision. . . . As a result of his injuries, Dennie Brown died on the aforementioned date.

Relator filed its original answer on December 22, 2020. On January 21, 2021, less than two years after Dennie's death, relator filed a motion for leave to designate Michael Brown[2] as a responsible third party. Relator alleged:

> The vehicle that struck Dennie Brown's wheelchair was driven by Michael Brown. Michael Brown was intoxicated at the time of the incident. Michael Brown drove his vehicle on to a sidewalk and collided with Dennie Brown's wheelchair. Michael Brown's acts were the sole proximate cause of Dennie Brown's injuries.

> Michael Brown should be designated as a responsible third party because his acts constitute negligence, and those acts caused or contributed to cause the harm, injury, and damages for which Plaintiffs seek recovery in this lawsuit. TEX. CIV. PRAC. & REM. CODE § 33.011(6).

---

[2] Because Michael Brown, real party Reginald Brown, and decedent Dennie Brown all share a surname, we will refer to them by their first names or by their party designation for clarity. We also note that Reginald Brown and Wanda Thomas are parties to these proceedings both individually and in their capacity as representatives of Dennie's estate.

–2–

Fifteen days later, real parties filed an objection to relator's motion. They argued that because their sole claim against relator was a health care liability claim under civil practice and remedies code Chapter 74 and Michael was not a health care provider who had any responsibility for Dennie's care, relator's motion should be denied.

Real parties did not make any further challenge to the designation until September 2, 2021. In their "supplemental objection" to relator's motion, real parties argued that relator "should have designated a responsible third party no later than April 21, 2021"—thirty days after service of real parties' Chapter 74 expert report— in response to real parties' requests for disclosure that were served with their petition the previous December.

Relator did not serve disclosure responses naming Michael as a potential party until October 14, 2021. On November 3, 2021, the trial court signed an order denying relator's motion for leave to designate Michael as a responsible third party.

Relator filed a motion for reconsideration, submitting additional evidence to the trial court including Michael's indictment for causing Dennie's death while driving while intoxicated, Michael's judicial confession of the offense, and his judgment and sentence of fifteen years' imprisonment. All of these events occurred in 2019. Relator also submitted its counsel's letter of February 28, 2019, responding to a letter from real parties' counsel and identifying "Jason Michael Brown" as the intoxicated driver of the car that struck Dennie's wheelchair. Counsel also stated,

"[I]t appears to me, based on my review of the police report, that the intoxicated driver who crashed into [Dennie] Brown *on the sidewalk* is solely responsible for your client's death. As such, I would encourage you to prosecute the claims belonging to Mr. Brown's Estate against the driver who caused Mr. Brown's untimely death." The trial court denied relator's motion for reconsideration by order dated March 25, 2022. Relator then filed this proceeding seeking mandamus relief.

## DISCUSSION

### 1. Standard for mandamus relief

In order to obtain mandamus relief, a relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam) (internal quotation omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law. *Id.*

The supreme court has held that an adequate appellate remedy is lacking when a trial court erroneously denies a party's timely filed motion to designate a responsible third party. *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding) (per curiam) ("Allowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation would skew the proceedings,

–4–

potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record." [internal quotation omitted]).

## 2. Ripeness

In response to relator's mandamus petition, real parties have questioned this Court's jurisdiction, asserting that relator's claim is not ripe. Because the issue of ripeness implicates subject matter jurisdiction, we consider it first. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011) (ripeness implicates subject matter jurisdiction); *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam) (court must determine jurisdictional question before addressing merits of claim).

Real parties argue that relator's claimed injury from the trial court's denial of its motion to designate is merely "contingent or remote." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (under the ripeness doctrine court considers whether facts are sufficiently developed so that injury has occurred or is likely to occur). Real parties note that the trial court has not yet ruled on relator's "Motion for Leave to File Third-Party Petition Joining Michael Brown as Third-Party Defendant" that was filed on October 13, 2021. They argue that until the trial court rules on that motion, relator "is not yet in the position where it can allege it has no other adequate remedy." *See* CIV. PRAC. & REM. §§ 33.001–.017 (Proportionate

Responsibility). They conclude that "the trial court has not made a full and final decision on [Michael's] inclusion[ ] in the suit."

Relator responds that its motion to designate Michael as a responsible third party under § 33.004 and its motion to join Michael as a contribution defendant under § 33.015 implicate separate rights that arise at different times. *See* CIV. PRAC. & REM. § 33.004 (designation of responsible third party); § 33.015 (contribution among defendants); § 33.016 (claim against contribution defendant). We agree with relator. Most notably, the submission of Michael's responsibility to the jury would be different. *Compare* CIV. PRAC. & REM. § 33.003 (trier of fact shall determine percentage responsibility of each claimant, defendant, settling person, and responsible third party), *with id.* § 33.016(c) (trier of fact shall determine as a separate issue a contribution defendant's percentage of responsibility); *see also Ziehl v. Tornado Bus Co.*, No. 05-19-00901-CV, 2021 WL 1573066, at *3, 4 (Tex. App.— Dallas Apr. 22, 2021, pet. granted, judgm't vacated w.r.m.) (mem. op.) (separate submission of defendant's and contribution defendant's responsibility under § 33.016(c) is mandatory). Consequently, even if the trial court grants relator's motion to join Michael as a contribution defendant, his percentage of responsibility will be determined differently from a responsible third party's.

We conclude that the trial court's denial of relator's motion to designate Michael as a responsible third party was a concrete injury. *Cf. Robinson*, 353 S.W.3d at 755 (claims based on contingent or hypothetical facts are not ripe); *Coppola*, 535

S.W.3d at 509–10 (mandamus relief is appropriate for erroneous denial of motion to designate responsible third party). This injury is not rendered "contingent or remote" by relator's pending motion to join Michael as a contribution defendant, because even the granting of that motion would not provide the relief that relator seeks in this proceeding. *See Robinson*, 353 S.W.3d at 755. Accordingly, we conclude relator's complaint is ripe and this Court has jurisdiction over this mandamus proceeding.

**3. Motion to designate responsible third party**

Motions to designate responsible third parties "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." CIV. PRAC. & REM. § 33.004(a). At the time relator filed its motion to designate Michael, no trial date had been set. Further, two years had not elapsed since Dennie's death on January 24, 2019. Consequently, relator's motion was timely under subsection 33.004(a) and was filed before limitations had run on any personal injury claim arising from Dennie's death. *See* CIV. PRAC. & REM. § 16.003(b) (two-year limitations period for action for injury resulting in death; cause of action accrues on death of injured person).

Real parties objected to the designation within subsection 33.004(f)'s fifteen-day period, but only on the ground that Michael was not a health care provider. When an objection to a motion for leave is timely filed, "the court *shall* grant leave to designate the person as a responsible third party" unless the objecting party establishes that the defendant "did not plead sufficient facts concerning the alleged

–7–

responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." CIV. PRAC. & REM. § 33.004(g) (emphasis added); *see also In re VC PalmsWestheimer, LLC*, 615 S.W.3d 655, 666–67 (Tex. App.—Houston [1st Dist.] 2020, orig. proceeding) (objection to motion for leave to designate "can only be effective" if it is timely filed and establishes the defendant did not plead sufficient facts to satisfy the rules of procedure).

Although timely made, real parties' objection to designating Michael on the ground that he was not a health care provider was not well-founded. The standard for designation is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." CIV. PRAC. & REM. § 33.011(6); *see also In re Cook*, 629 S.W.3d 591, 598 (Tex. App.—Dallas 2021, orig. proceeding) (en banc) (discussing definition of responsible third party). The standard is contribution to the harm; breach of the same duty is not required. *See Cook*, 629 S.W.3d at 598 (Chapter 33 expressly applies to any cause of action based in tort).

Relator pleaded that Michael (1) drove the vehicle that struck Dennie's wheelchair, (2) was intoxicated at the time, and (3) drove the vehicle onto the sidewalk before colliding with Dennie and the wheelchair. Relator also pleaded that Michael's acts were the sole proximate cause of Dennie's injuries. These allegations provided sufficient facts concerning Michael's responsibility to provide the "fair

–8–

notice" required by the rules of civil procedure that Michael "caused or contributed to causing" the harm—Dennie's death—for which real parties are seeking damages. *See Cook*, 629 S.W.3d at 597 ("fair notice" standard is satisfied if the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what type of evidence might be relevant). Consequently, real parties' objection did not meet § 33.004(g)'s requirements, and the trial court was required to grant relator's motion to designate. CIV. PRAC. & REM. § 33.004(g).

Relator's motion, however, remained pending. Seven months after relator filed the motion, real parties objected under subsection (d) of § 33.004, contending that the motion should be denied because relator failed to timely disclose Michael Brown in response to discovery. Subsection (d) provides:

> (d) A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action *after the applicable limitations period on the cause of action has expired* with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

CIV. PRAC. & REM. § 33.004(d) (emphasis added). Real parties argue that because relator failed to "timely comply with its disclosure obligations" under civil procedure rule 194.2, the trial court did not abuse its discretion by denying relator's motion to designate.

We conclude the trial court erred by denying relator's motion to designate. First, real parties' objection based on relator's failure to comply with discovery obligations was not made "on or before the 15th day after" service of the motion to

designate. CIV. PRAC. & REM. § 33.004(f). Second, even if timely, real parties' objection should not have been sustained because relator's motion to designate was filed less than two years after Dennie's death on January 24, 2019, and before April 21, 2021, the date real parties argue relator's disclosure responses were due. The plain language of § 33.004(d) precludes a defendant from designating a responsible third party "*after* the applicable limitations period on the cause of action has expired with respect to the responsible third party" if the defendant has not made timely disclosures. *See* CIV. PRAC. & REM. § 33.004(d) (emphasis added). Here, relator filed its motion *before* limitations ran and before its disclosure responses were due.

*In re Dawson*, on which real parties rely, addressed different circumstances. 550 S.W.3d at 629–30. There, the court held that the trial court abused its discretion by allowing a defendant to designate a responsible third party who was not adequately identified in the defendant's discovery responses. *Id.* Subsection 33.004(d) applied because the attempted designation was made "after the applicable limitations period on the cause of action ha[d] expired." CIV. PRAC. & REM. § 33.004(d); *see Dawson*, 550 S.W.3d at 627 (defendant moved for leave to designate responsible third party "more than two weeks after limitations expired"). In this case, in contrast, relator made the designation before the limitations period lapsed.

In *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784 (Tex. 2020) (orig. proceeding) (per curiam), the court distinguished *Dawson*. In both cases, limitations

–10–

on the plaintiffs' claims against the third parties had expired at the time the defendants moved to designate. *Dawson*, 550 S.W.3d at 627; *Mobile Mini*, 596 S.W.3d at 783. But in *Mobile Mini*, as in this case, the defendant's discovery responses were due after limitations ran on the plaintiff's claims against the third party, while in *Dawson*, responses were due before limitations ran on those claims. *Mobile Mini*, 596 S.W.3d at 783. Noting this difference, the *Mobile Mini* court concluded that "section 33.004(d) did not deprive Mobile Mini of its statutory right to designate . . . a responsible third party." *Id.* at 787. The court explained that under these circumstances, Mobile Mini's failure to disclose the responsible third party before limitations expired was not the result of "the gamesmanship concerns section 33.004(d) operates to prevent." *Id.* at 785.[3] Instead, it "was the natural consequence of" the plaintiff's "decision to wait to file suit until limitations were nearing terminus." *Id.*

In *In re Bertrand*, the court discussed both *Dawson* and *Mobile Mini* as well as the "history of responsible-third-party legislation" in concluding that "[n]o authority supports the conclusion that Section 33.004(d) was intended to serve as a statutory discovery sanction for conduct solely occurring after limitations ha[s] expired" on the plaintiff's claims against the responsible third party. *In re Bertrand*, 602 S.W.3d 691, 705 (Tex. App.—Fort Worth 2020, orig. proceeding). Construing

---

[3] The court described these "gamesmanship concerns" as the defendant's "undercutting the plaintiff's case by belatedly pointing its finger at a time-barred responsible third party against whom the plaintiff has no possibility of recovery." *Mobile Mini*, 596 S.W.3d at 785 (internal quotation and citation omitted).

§ 33.004(d) with civil procedure rule 194.2's disclosure obligations, the court concluded that "a defendant's discovery conduct occurring *solely* after the expiration of the plaintiffs' limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d)." *Id.* at 706. Further, § 33.004(d) applied "where a defendant seeks to designate a responsible third party *after* the plaintiffs' limitations against the responsible third party has expired." *Id.* at 705 (emphasis added).

Here, limitations had not expired at the time relator filed its motion to designate but had expired by the date real parties allege relator should have served its disclosure responses. As in *Bertrand*, this "post-limitations discovery conduct" was "subject to the authority of the trial court under the Rules of Civil Procedure and the trial court's inherent powers," but it was not grounds for denying the otherwise-proper designation. *Bertrand*, 602 S.W.3d at 706; *see* CIV. PRAC. & REM. § 33.004(f), (g) (trial court "shall" grant leave to designate unless opposing party timely objects and establishes that the defendant failed to plead sufficient facts concerning the person's alleged liability). This is especially appropriate where, as here, the responsible third party's name and the facts supporting his designation were supplied to real parties in the motion to designate before limitations expired.

## CONCLUSION

We conclude the trial court abused its discretion in denying relator's motion to designate a responsible third party and there is no adequate remedy at law.

Accordingly, we conditionally grant relator's petition for a writ of mandamus and direct the trial court to enter an order granting relator's motion to designate Michael Brown as a responsible third party. We are confident the trial court will comply with this order; a writ will issue only if it does not.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

220283f.p05