**Motion for Rehearing Denied and Supplemental Opinion filed April 16, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00559-CV

---

### JRJ PUSOK HOLDINGS, LLC, Appellant

### V.

### THE STATE OF TEXAS AND KYLE MADSEN IN HIS OFFICIAL CAPACITY AS DIRECTOR OF RIGHT OF WAY, Appellees

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1128555**

---

### SUPPLEMENTAL OPINION

The Defendants have filed a motion for rehearing in which they raise a new jurisdictional argument. We disagree with their argument, but because we have a duty to address questions of jurisdiction, we issue this supplemental opinion and deny their motion. *See In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam) ("A court is duty-bound to determine its jurisdiction regardless of whether the parties have questioned it.").

The Defendants previously argued in their appellees' brief that, even if there was a waiver of sovereign immunity under Chapter 21, the statutory county court still lacked subject-matter jurisdiction to hear Pusok's repurchase claim. The Defendants recognized that the statutory county court has subject-matter jurisdiction to "hear a suit for the recovery of real property," *see* Tex. Gov't Code § 25.1032(d)(6), but the Defendants argued that Pusok's repurchase claim did not fit within that description. We overruled that argument, and now, on rehearing, the Defendants present a new variation on their argument.

The Defendants argue that the statutory county court cannot have subject-matter jurisdiction to hear Pusok's repurchase claim because, to whatever extent that Chapter 21 waives sovereign immunity in cases involving the right of repurchase, that waiver is only effective in suits brought in district court, not county court.

The Defendants base this argument on two statutes under Chapter 21. The first statute is organized under Subchapter A, which is entitled "Jurisdiction," and it provides that "a district court may determine all issues . . . in any suit (1) in which this state . . . is a party; and (2) that involves a claim for property." *See* Tex. Prop. Code § 21.003. The second statute is organized under Subchapter E, which is entitled "Repurchase of Real Property from Condemning Entity," and it provides that "a district court may determine all issues in any suit regarding the repurchase of a real property interest acquired through eminent domain by the former property owner or the owner's heirs, successors, or assigns." *See* Tex. Prop. Code § 21.101(c). Because both of these statutes solely reference the authority of a "district court," the Defendants argue that any suit asserting a waiver of immunity under Chapter 21 must be filed in a district court—to the exclusion of county courts.

The Defendants have not supported this argument with any direct or comparable authority, and we do not agree with it. The cited statutes are worded

permissively. There is no textual basis for the Defendants' suggestion that district courts are the exclusive courts that can hear suits involving the right of repurchase. Also, in addition to the statute that specifically authorizes a county court to "hear a suit for the recovery of real property," *see* Tex. Gov't Code § 25.1032(d)(6), there is a separate statute in Chapter 21 recognizing that "district courts and county courts at law have concurrent jurisdiction in eminent domain cases." *See* Tex. Prop. Code § 21.001. As we have already held, Pusok's property was acquired through eminent domain, and through this suit, Pusok seeks to repurchase it.

For the foregoing reasons, we conclude that the statutory county court has jurisdiction to hear Pusok's repurchase claim under Chapter 21, and we deny the Defendants' motion for rehearing.

/s/    Tracy Christopher
       Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.