**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed October 6, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-20-00087-CV

**IN RE UBS FINANCIAL SERVICES INC., DEBRA PELHAM, AND KREG PEARLESS, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-82010**

## MEMORANDUM OPINION

Relators UBS Financial Services Inc., Debra Pelham, and Kreg Pearless (collectively, "UBS") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, UBS asks this court to compel the Honorable Daryl Moore, presiding judge of the 333rd

District Court of Harris County, to set aside his January 8, 2020 order granting the verified petition requesting deposition duces tecum before suit pursuant to Texas Rule of Civil Procedure 202. *See* Tex. R. Civ. P. 202. We conditionally grant the petition.

## BACKGROUND

In September 2009 and November 2016, Fleur Holdings LLC opened two accounts in UBS's Yield Enhancement Strategy ("YES"), which is an options overlay trading strategy that aims to generate investment income through the sale of S&P 500 Index options. The agreements between Fleur Holdings and UBS include arbitration agreements. Deneige Dooley is Fleur Holdings' managing member. Dooley signed the documents setting up Fleur Holdings' accounts as managing member.

On September 25, 2019, Dooley's attorney wrote UBS, advising that he was investigating whether UBS's actions regarding the investment of his "Client's" assets in YES are actionable. Dooley is referred to as the "Client" in the letter. Dooley's attorney requested information regarding YES in the form of 12 questions directed to UBS and 12 categories of documents and also demanded that UBS preserve evidence. Dooley's attorney also requested tape-recorded interviews of UBS employees, Debra Pelham and Kreg Pearless.

In response, UBS's attorney advised that UBS had no obligation to produce discovery at that time and declined to do so. UBS further stated that, in the event arbitration were commenced, both parties would be subject to the discovery rules and procedures of the arbitral forum and enclosed copies of the documents signed by Dooley on behalf of Fleur Holdings.

2

On November 11, 2019, Dooley filed a verified petition requesting depositions duces tecum before suit, seeking to investigate facts regarding the investment of some of Dooley's funds in YES by deposing Pelham and Pearless. UBS objected on the grounds that (1) Dooley lacked standing because she does not own the potential claims; and (2) Fleur Holdings, through its managing member, Dooley, agreed to binding private arbitration of the potential claims, precluding the use of Rule 202

On January 3, 2020, UBS filed an emergency motion for protection and motion to quash Dooley's subpoenas commanding Pelham and Pearless to appear for deposition. The trial court held a hearing on January 6, 2020, and signed an order granting the petition on January 8, 2020, allowing the depositions of Pelham and Pearless, limited to three hours each, to be taken within 30 days of the order.

## STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly, or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Mandamus review is available for orders granting petitions for presuit depositions because appeal is not an adequate remedy. *In re*

3

*Akzo Nobel Chem., Inc.*, 24 S.W.3d 919, 920 (Tex. App.—Beaumont 2000, orig. proceeding).

## ANALYSIS

In its petition, UBS raises the following two issues: (1) Dooley lacks standing to request such discovery because Fleur is the owner of the accounts; and (2) the claims for which discovery is sought are subject to compulsory arbitration. We address the first issue because it is dispositive. We do not reach the second issue.

Rule 202.1 provides for the taking of an oral deposition or deposition on written questions in one of two following circumstances: (1) to perpetuate or obtain a person's own testimony or that of any other person for use in the anticipated suit; or (2) to investigate a potential claim or suit. Tex. R. Civ. P. 202.1. Presuit depositions are available only if the trial court finds that (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *Id.* 202.4(a).

A Rule 202 petition must "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." *In re DePinho*, 505 S.W.3d 621, 623 (Tex. 2016) (orig. proceeding) (per curiam) (quoting Tex. R. Civ. P. 202.2(e)). Presuit discovery "is not an end within itself; rather, it is in aid of a suit which is anticipated and ancillary to the anticipated suit." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam) (internal quotations marks omitted). To prevent an end-run around discovery limitations that would govern the anticipated suit, Rule 202 restricts discovery in depositions to "the same as if the anticipated suit or

4

potential claim had been filed." *Id.* (quoting Tex. R. Civ. P. 202.5). Rule 202 depositions are not now and have never been intended for routine use. *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding).

It is well-settled that the trial court must have subject-matter jurisdiction over the anticipated action to properly order a presuit deposition. *DePinho*, 505 S.W.3d at 623; *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam). This limitation on presuit discovery is due to a court's inherent jurisdictional limitations: "a court cannot grant relief when it lacks jurisdiction of the subject matter," so "[i]t would make no sense to insist that a court ordering discovery to perpetuate testimony for a later-filed suit to be one . . . [without] subject-matter jurisdiction." *DePinho*, 505 S.W.3d at 623 (quoting *In re Doe (Trooper)*, 444 S.W.3d 603, 607–08 (Tex. 2014)). "Indeed, allowing courts to authorize Rule 202 depositions for potential suits over which they lack jurisdiction would untether presuit discovery from the suit it purports to be in aid of." *Id.*

"Standing is implicit in the concept of subject-matter jurisdiction, and subject-matter jurisdiction is essential to the authority of a court to decide a case." *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020) (orig. proceeding) (per curiam); *see also Farmers Tex. Cty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (stating that standing is component of subject matter jurisdiction). Standing is specific to each individual plaintiff and to each of the plaintiff's individual claims. *Abbott*, 601 S.W.3d at 807. Standing requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). Questions of standing are reviewed de novo. *Farmers Tex. Cty. Mut. Ins. Co.*, 598 S.W.3d at 240.

5

UBS maintains that the trial court did not have jurisdiction to grant Dooley's Rule 202 petition because Dooley does not have standing to bring the Rule 202 proceeding or, if suit is ultimately brought, to pursue the claims for which discovery is sought. Specifically, UBS contends that the undisputed evidence shows that Fleur Holdings owns the YES accounts and Dooley is merely the managing member of Fleur Holdings, with no ownership interest in the accounts.

A limited liability company is a separate entity from a member or manager of the company. *Sherman v. Boston*, 486 S.W.3d 88, 94 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Spates v. Office of Att'y Gen., Child Support Div.*, 485 S.W.3d 546, 550–51 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 109 (Tex. App.—San Antonio 2011, pet. denied). A member of a limited liability company does not have an interest in any specific property the company owns. Tex. Bus. Orgs. Ann. § 101.106.

A member of a limited liability company may be a party in an action brought by or against the company action if the action is brought to enforce the member's right against or liability to the company. Tex. Bus. Orgs. Ann. § 101.113. Therefore, a member of a limited liability company lacks standing to assert claims individually when the cause of action belongs to the company. *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Sherman*, 486 S.W.3d at 94.

In the September 25, 2019 letter, Dooley's counsel advised UBS that he had been hired to represent Dooley in investigating UBS's actions in managing Dooley's YES account and requested documents related to Dooley's YES account. Dooley is

6

named as the petitioner, and the petition repeatedly refers to Dooley's YES investment, even though Fleur Holdings owns the YES accounts.

In her response to UBS's petition for writ of mandamus, Dooley asserts that the doctrine of misnomer is applicable here where Dooley was named as petitioner instead of Fleur Holdings. "[A] 'misnomer occurs when a party misnames itself or another party, but the correct parties are involved.'" *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) (quoting *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam)); *see also Cybiz, Inc. v. Gaskill*, No. 14-16-00405-CV, 2017 WL 1015560, at *2 (Tex. App.—Houston [14th Dist.] Mar. 14, 2017, no pet.) (mem. op.) ("A plaintiff misnaming itself generally is a misnomer."). Generally, courts allow parties to correct a misnomer if it is not misleading. *Exxon Mobil Corp.*, 520 S.W.3d at 594.

This case does not involve a misnomer. A similar situation was addressed by the San Antonio Court of Appeals. *See Barrera v. Cherer*, No. 04-13-00612-CV, 2014 WL 1713522 (Tex. App.—San Antonio Apr. 30, 2014, no pet.). (mem. op.). In *Barrera*, the member of a limited liability company brought a forcible detainer action in his own name even though the company owned the property. *Id.* at *1. The trial court awarded the member possession of the property. *Id.* On appeal, the defendants contended that the member lacked standing in the forcible detainer action because the cause of action belonged to the company. *Id.* The member responded that this was an issue of misnomer. *Id.* The court rejected the member's misnomer argument because the member did not have standing to assert claims individually where the cause of action belonged solely to the company. *Id.* at *2.

7

Here, Dooley, as managing member, does not have individual standing to maintain claims against UBS for actions it may or may not have taken with regard to its management of the YES accounts owned by Fleur Holdings. Therefore there has been no misnomer because Dooley has never been the correct party to request the Rule 202 depositions.

The trial court abused its discretion by granting Dooley's petition for the Rule 202 depositions. UBS also does not have an adequate remedy by appeal. *See Akzo Nobel Chem., Inc.*, 24 S.W.3d at 920 (stating that mandamus review is available for orders granting petition for presuit depositions because appeal is not adequate remedy).

## CONCLUSION

Having held that UBS has shown that the trial court abused its discretion and UBS does not have an adequate remedy by appeal, we conditionally grant UBS's petition for writ of mandamus and direct the trial court to vacate its January 8, 2020 order granting Dooley's request to take the presuit depositions of UBS's employees. The writ will issue only if the trial court fails to act in accordance with this opinion. We also lift our stay entered on January 31, 2020.


/s/    Ken Wise
       Justice


Panel consists of Justices Wise, Jewell, and Poissant.